**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4437**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BILLY R. MCCULLERS, JR.,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, District Judge.  (4:07-cr-00049-RBS-JEB-1)

Submitted: August 30, 2010          Decided: September 17, 2010

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Cullen D. Seltzer, SELTZERGREENE, PLC, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Howard J. Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy R. McCullers, Jr., appeals from his conviction and sentence imposed for multiple violations of drug trafficking and firearms statutes, and witness tampering. On appeal, McCullers challenges the Government's use of its peremptory jury strikes on African-Americans, the reasonableness of the eighty-five year sentence imposed, the sentencing disparity for crack cocaine, and whether he should have received consecutive sentences for 18 U.S.C. § 924(c) (2006) violations. We conclude there is no error and affirm the judgment.

McCullers contests the district court's decision to deny his challenge under Batson v. Kentucky, 476 U.S. 79 (1986). The Equal Protection Clause forbids the use of a peremptory challenge for a racially discriminatory purpose. Batson, 476 U.S. at 86. This court gives "great deference" to the trial court's finding "concerning whether a peremptory challenge was exercised for a racially discriminatory reason." Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). The finding is reviewed for clear error. Id.

In Hernandez v. New York, 500 U.S. 352 (1991), the Supreme Court summarized the three-step process used to analyze a Batson claim:

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the

2

requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

Id. at 358-59 (internal citations omitted). The court added that, in undertaking a Batson analysis:

the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. . . . [E]valuation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province.

Id. at 365.

At the second step, "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral." Id. at 360. The proffered reason for striking a juror "need not be worthy of belief or related to the issues to be tried or to the prospective juror's ability to provide acceptable jury service." Jones, 57 F.3d at 420. All that is required is that the reason be race-neutral. See Purkett v. Elem, 514 U.S. 765, 768 (1995). Both age and occupation are legitimate, race-neutral reasons to strike. United States v. Grimmond, 137 F.3d 823, 834 (4th Cir. 1998) (age); Smulls v. Roper, 535 F.3d 853, 867 (8th Cir. 2008) (occupation). Here, because the prosecutor provided race-neutral explanations (age, occupation, and residence in a

3

high drug activity zip code) for striking the three jurors in question, the Government satisfied its burden at the second step.

At the third step, the trial court's duty is to determine whether the Government's race-neutral reason for a strike is "a pretext for discrimination." United States v. Farrior, 535 F.3d 210, 221 (4th Cir. 2008). The defendant must "show both that [the Government's stated reasons for a strike] were merely pretextual and that race was the real reason for the strike." United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994). At this step, the "'defendant may rely on all relevant circumstances to raise an inference of purposeful discrimination.'" Golphin v. Branker, 519 F.3d 168, 179 (4th Cir. 2008) (quoting Miller-El v. Dretke, 545 U.S. 231, 240 (2005)). The defendant need not "point to an identical juror of another race who was not peremptorily challenged." Golphin, 519 F.3d at 179. Rather, "direct comparisons between similarly situated venire-persons of different races" are probative. Id. at 179-80 (internal quotation marks omitted).

In this case, McCullers — an African-American male — objected to the striking of three of the eight African-Americans on the venire panel. The district court properly credited the Government's reasons as legitimate and nondiscriminatory, and McCullers failed in his burden to prove intentional

4

discrimination.    Therefore the district court did not clearly err in denying McCullers' Batson challenge.

McCullers argues that his sentence was excessive under 18 U.S.C. § 3553(a) (2006).   McCullers received an 85-year sentence, with the statutory minimum sentence being 65 years. McCullers argues that even the 65-year sentence, consisting of all statutory minimum sentences, which includes ten years for count one, would in effect be a life sentence because he was 31 years old at sentencing and had a remaining life expectancy of 42 to 45 years.   We review a sentence for reasonableness under an abuse of discretion standard.   Gall v. United States, 552 U.S.  38,  51  (2007).    This  review  requires  appellate consideration  of  both  the  procedural  and  substantive reasonableness of a sentence.   Id.  Procedural reasonableness is determined  by  reviewing  whether  the  district  court  properly calculated  the  defendant's  advisory  Guidelines  range  and  then considered  the  18  U.S.C.  §  3553(a)  factors,  analyzed  any arguments presented by the parties, and sufficiently explained the  selected  sentence.    Id.  at  49-51.    "Regardless  of  whether the  district  court  imposes  an  above,  below,  or  within-Guidelines sentence,  it  must  place  on  the  record  an  'individualized assessment'  based  on  the  particular  facts  of  the  case  before it."    United States v. Carter,  564 F.3d 325,  330 (4th Cir. 2009).    Substantive reasonableness of the sentence is determined

5

by "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

What McCullers essentially seeks is a downward variance so that, with the additional consecutive sentences, the total sentence is not so onerous. However, under § 924(c), a defendant is first sentenced for the underlying drug trafficking offense, without consideration for the applicable consecutive sentences related to the firearm violations. A court may not effectively convert these sentences into concurrent sentences by shrinking the sentence that it would otherwise impose for the predicate offenses for the § 924(c) violation. See United States v. Chavez, 549 F.3d 119 (2d Cir. 2008).

Here, the district court correctly calculated the sentence and there is no procedural error. The court was aware of its discretion to vary downward and chose not to do so. McCullers' main objection is that a sixty-five-year sentence would in effect be a life sentence, statistically speaking; and that, therefore, the eighty-five-year sentence imposed is greater than necessary under the requirements of § 3553(a). In determining that a 360-month sentence on several of the concurrent drug counts, in addition to the mandatory consecutive statutory sentences, was appropriate, the district court

considered the § 3553(a) factors, explicitly noting that the facts and circumstances of the conspiracy offense "weigh[] heavily against [McCullers] because of the length of the conspiracy, the amount of drugs that were involved, and all of the matters," and adopted the facts in the PSR. The court also noted that McCullers was "hanging around and involving [him]self in a drug conspiracy with some pretty rough characters." The court further noted the three separate firearm offenses involving three different years, establishing a continued use of guns and the seriousness of that conduct. The court credited that McCullers was only in criminal history category II. However, the court found that McCullers' conduct had not previously promoted respect for the law and that the court considered the need for deterrence of continued criminal conduct and the need to protect the public from future crimes by McCullers. Finally, in imposing the sentence, the court found that the sentence on each count was sufficient but not greater than necessary to comply with the purposes of § 3553(a). Moreover, McCullers' within-Guidelines sentence is presumptively reasonable on appeal, and McCullers has not rebutted that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the

§ 3553(a) factors). Thus, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

McCullers argues that sentencing based on a discrepancy between crack and powder cocaine violates the Equal Protection Clause. McCullers correctly contends that under Kimbrough v. United States, 552 U.S. 85 (2007), district courts do not have to adhere to the 100-to-1 sentencing ratio creating the crack/powder cocaine disparity. McCullers also notes the Sentencing Commission is advocating for eliminating or at least reducing the 100-to-1 ratio and that the Department of Justice has called for eliminating the sentencing disparity between crack cocaine and powder cocaine. In addition, McCullers points to a bill pending in Congress that would remove references from the United States Code to cocaine base, thus eliminating the sentencing disparity.

According to McCullers, any sentence that was based upon something greater than a one-to-one ratio for crack and powder cocaine would be unfair and unreasonable. McCullers fails to cite any controlling opinion or statute that required the district court to apply the one-to-one to ratio.

In Spears v. United States, 129 S. Ct. 840 (2009), the Supreme Court acknowledged that Kimbrough stood for the proposition that sentencing courts have the "authority to vary from the crack cocaine Guidelines based on policy disagreement

8

with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." Spears, 129 S. Ct. at 843. In Spears, the Supreme Court approved of the sentencing court's decision to apply a twenty-to-one ratio when imposing a sentence in a typical crack cocaine case. Id. at 844. However, it is one thing to say that a district court may vary from a Guideline on policy grounds; it is quite a leap, however, to hold that it must. See Spears, 129 S. Ct. at 844 (holding "we now clarify that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines").

Here, the district court clearly understood it had the authority to vary below the Guidelines based on a consideration of something less than the current sentencing disparity between crack and powder cocaine. It properly calculated the Guidelines using the current base offense level for the quantity of crack cocaine for which McCullers was held responsible.

Finally, McCullers asserts error relative to his sentence because his three § 924(c) convictions were returned in the same proceeding and were therefore allegedly intertwined. He therefore claims that he cannot be subjected to the 25-year statutory minimum sentence for a "second or successive" conviction. Under § 924(c), a five-year sentence, consecutive

to the predicate felony, is imposed for the first such conviction and a twenty-five year sentence is imposed for each subsequent conviction. McCullers' claim is foreclosed by Deal v. United States, 508 U.S. 129, 137 (1993). Such is the case even where the prior offenses giving rise to the enhancement are all tried during a single proceeding. Id. at 137. In addition, the conduct for each of the three § 924(c) convictions took place in three separate years and each was tied to a separate drug trafficking count as a predicate felony. Therefore, McCullers' claim fails.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

10