In the

# United States Court of Appeals
### For the Seventh Circuit

No. 12-2765

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

TYRONE KIRKLIN,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 928-3 — **Matthew F. Kennelly**, *Judge*.

ARGUED MAY 21, 2013 — DECIDED AUGUST 15, 2013

Before RIPPLE, WILLIAMS, and TINDER, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Tyrone Kirklin hatched a scheme with several accomplices to rob a bank in Illinois. They robbed the bank, were soon caught, and charged with various federal offenses. A jury convicted Kirklin of two counts related to aiding and abetting an armed bank robbery, and aiding and abetting the use and carrying of a firearm during that robbery in violation of 18 U.S.C. § 2113; § 924(c)(1)(A); § 2. He was sentenced to 171 months' imprisonment.

Kirklin now challenges his conviction, arguing that the district court failed to accurately instruct the jury on aiding and abetting the use and carrying of a firearm during the robbery. But Kirklin never raised any objection about the jury instructions even when the district court specifically asked the parties if they had any comments on the final draft of the instructions. Furthermore, we are not persuaded that the instruction was so misleading that reversal is necessary in this case.

Kirklin also argues that he is entitled to resentencing because the district court wrongly imposed a 7-year sentence under 18 U.S.C. § 924(c)(1)(A)(ii) for his accomplices' "brandishing" firearms even though the jury never found this fact beyond a reasonable doubt. The Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), has confirmed that any fact that increases a defendant's mandatory minimum sentence—like brandishing a firearm—must be submitted to a jury. And while there is no question that this fact should have been submitted to the jury in Kirklin's case in order to hold him accountable for brandishing, we are not convinced that this sentencing error resulted in a miscarriage of justice because the evidence supporting the district court's finding of brandishing was overwhelming. Therefore, we affirm Kirklin's conviction and sentence.

## I. BACKGROUND

One morning in November 2010, Kirklin drove to the home of a friend named Tiffany Jones and asked her if she wanted to help rob a bank in Homewood, Illinois. Kirklin promised it would be "easy," showed her two firearms he had stashed in his van (a TEC-9 semi-automatic handgun and .38 millimeter revolver), and Jones agreed to participate.

Kirklin then picked up his cousin, Justice McCallister, and drove to the bank. On the way there, the group discussed their plan for the robbery. Kirklin assured Jones that there was no security at the bank and all she needed to do was stand guard in the lobby to make sure no one came in or out. He also told Jones that she could shoot the revolver inside the bank without leaving any shell casings behind. McCallister's job was to find someone who knew the combination to the vault and force it open. Kirklin said he would drop them off, wait across the street for four or five minutes, and then pick them up in front of the bank. Like many bank robberies, this one did not go according to plan.

Jones entered the bank carrying Kirklin's TEC-9 and .38 revolver; McCallister brought his own Hi-Point 9-millimeter pistol. The pair entered the bank just as several customers were exiting. With the two firearms in her hands, Jones ordered the customers to go back inside the lobby of the bank. One customer attempted to leave, but Jones put a gun to the back of her neck and forced her back inside. Unbeknownst to Jones, one customer was too quick and managed to slip past her to call 911. Meanwhile, McCallister ordered the bank tellers to fill a backpack with the cash in their drawers. McCallister and Jones then ordered the customers inside the vault and fled. Just as the pair ran outside for their escape, police squad cars began to arrive at the bank and Jones and McCallister were arrested near the scene. The pair both gave post-arrest statements in which they implicated themselves as well as Kirklin.

Kirklin was charged with aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and 18 U.S.C. § 2 (Count 1), and aiding and abetting the use or

carrying of a firearm in furtherance of that robbery in viola-
tion of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count 2). The
case was tried in front of a jury over three days. Shortly be-
fore closing arguments, the district court presented both
sides with a final set of written jury instructions and asked
counsel if they had any objections that they wanted to make
for the record. Neither party objected, and so the court pro-
ceeded to instruct the jury on Counts 1 and 2. For Count 2—
the only one at issue here on appeal—the court stated that
the government must prove the following three proposi-
tions:

> Number 1. An individual committed the crime of
> bank robbery, as charged in Count 1 of the indict-
> ment.
>
> Number 2. The individual used or carried a firearm
> during and in relation to the bank robbery.
>
> Number 3. The defendant knowingly aided, coun-
> seled, induced or procured the use or carrying of a
> firearm during and in relation to the bank robbery.
> The government must prove that the defendant
> knowingly participated in the criminal activity and
> tried to make it succeed.

The court went on to explain that the term "use" includes
"brandishing, displaying, striking with, firing and attempt-
ing to fire a firearm … . However, mere possession of a fire-
arm at or near the site of the crime is not enough to consti-
tute use of that firearm." During deliberations, the jury
asked one question relevant to Count 2:

> In relation to Count 2, we need to know if the defend-
> ant is being charged with supplying the guns to use in

the bank robbery or with aiding in a crime where a firearm was used.

The district court met with the parties and observed: "I think the correct answer is neither of the above." The parties agreed that the court should answer back: "The instruction … defines what is required for Count 2. No further information can be provided."

The jury convicted Kirklin on both counts. The presentence investigation report recommended a 7-year sentence on the § 924(c) charge, reflecting the mandatory minimum sentence for cases where a firearm is "brandished." *See* 18 U.S.C. § 924(c)(1)(A)(ii). Kirklin did not object to this recommendation, and the district court concluded that the evidence supported a finding of brandishing because Kirklin was "willing to have other people brandish guns on his behalf" and guns were brandished. As a result, the court sentenced Kirklin to 84 months on the § 924(c) charge in Count 2. He also received a consecutive 87-month sentence on Count 1.

## II. ANALYSIS

Kirklin raises challenges to both his conviction and sentence on Count 2 of the indictment. Count 2 charged Kirklin with aiding and abetting the use or carrying of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)[1] and 18 U.S.C. § 2 (punishing as a principal anyone who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its

---

[1] Attempted bank robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)–(B).

commission" or who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States"). In order to prove aiding and abetting under § 924(c), the government must put forth evidence showing that: "(1) the defendant knew, either before or during the crime, of the principal's weapon possession or use; and (2) the defendant intentionally facilitated that weapon possession or use once so informed." *United States v. Taylor*, 226 F.3d 593, 596 (7th Cir. 2000). The penalty provisions of § 924(c) provide, in relevant part, that anyone found guilty of such an offense shall

(i) be sentenced to a term of imprisonment of not less than 5 years; [or]

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A).

### A. No Error in Jury Instructions

Kirklin first argues that the district court's instruction to the jury on the § 924(c) charge in Count 2 was highly misleading. Kirklin asserts that the standard of review is complicated on this matter because the district court initially held an informal meeting with the parties off the record regarding proposed jury instructions. But we are not faced with a situation in which *all* discussion of jury instructions was held off the record. Such a practice would seriously frustrate our review on appeal. *See Maltby v. Winston*, 36 F.3d 548, 561 n. 18 (7th Cir. 1994) (noting that "it is the responsibility of the district court, if it conducts the instruction conference without a court reporter, to provide the parties with an opportunity to specifically object to jury instructions on

the record"). Rather, the record in this case reveals that the district court held an informal conference off the record first (Tr. 447), but then presented the parties with a final draft of the instructions on the record and directly asked for any issues to be raised at that time. *See* Tr. 483. We appreciate the potential dangers of any such discussions off the record, but nothing prohibits a judge from participating in an informal conference first, and here we are confident that the district court took the necessary steps to orient the record for our review on appeal. Moreover, there is no suggestion that counsel for Kirklin made any objection to the jury instructions on Count 2 off the record before the court went back on the record, so it is not as if we have missed an argument Kirklin thought he had preserved. *See Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1106–07 (7th Cir. 1990) (finding objection to jury instructions waived where no record existed in which defendants voiced an objection to the instructions because counsel only objected during an informal conference).

The next hurdle for Kirklin is that his attorney stated that he had no objections to the final instructions before they were read to the jury. We have cautioned before that "[c]ounsel's affirmative statement that he had no objection to the proposed [jury] instruction constitutes waiver of the ability to raise this claim on appeal." *United States v. Griffin*, 493 F.3d 856, 864 (7th Cir. 2007); *see also United States v. Natale*, 719 F.3d 719, 729 (7th Cir. 2013) ("Although passive silence with regard to a jury instruction permits plain error review … a defendant's affirmative approval of a proposed instruction results in waiver."); *United States v. O'Connor*, 656 F.3d 630, 644 (7th Cir. 2011) (same); *United States v. Gonzalez*, 319 F.3d 291, 298 (7th Cir. 2003) (finding defendants' challenge to

jury instructions waived because they "accepted" the relevant instructions by affirmatively "stat[ing] in court, 'No objection'"); *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (same). That is precisely what happened here. When counsel for Kirklin was asked directly whether he had "any objections or additions that [he] want[ed] to make for the record" regarding the instructions, he replied: "None that I can think of, your Honor." At oral argument, counsel for Kirklin suggested that this statement was equivocal, but we disagree. Plus, we have held before that similar everyday language constituted an intentional relinquishment of the defendant's right to object. *See United States v. Anifowoshe*, 307 F.3d 643, 650 (7th Cir. 2002).

To be sure, even if Kirklin's objection was only forfeited instead of waived, we are not persuaded that the instructions on the § 924(c) charge in Count 2 were vague or misleading. Kirklin argues that the part of the instruction on Count 2 which stated that "the government must prove that the defendant knowingly participated in the criminal activity and tried to make it succeed" fails to specify *which* criminal activity—the bank robbery itself or the use of the weapon in the bank robbery—the jury was required to find Kirklin facilitated. According to Kirklin, the district court's failure to explicitly require that the government establish that the defendant intended to further the use of the weapon (as opposed to only aiding the bank robbery) constitutes reversible error because it omitted an essential element of the § 924(c) offense.

Kirklin's argument is persuasive only when the instruction is read out of context. Remember that the disputed part of the instruction read in full: "the government must prove

… that the defendant knowingly aided, counseled, induced or procured the *use or carrying of a firearm during and in relation to the bank robbery*. The government must prove that the defendant knowingly participated in the criminal activity and tried to make it succeed" (emphasis added). We do not think it is a stretch of the imagination to think that the jury understood "the criminal activity" to refer back to "the use and carrying of a firearm" in the preceding sentence.

Kirklin points out that the more recent version of the Seventh Circuit Pattern Criminal Jury Instructions explicitly distinguishes between knowledge of a gun's use and intentional furtherance of its use within the aiding and abetting context by stating: "A person who merely aids the underlying offense knowing that a firearm would be [used; carried] does not [aid, counsel; command; induce; procure] the commission of the offense charged in Count [1]." 7th Cir. Pattern Criminal Jury Instructions (2012 ed.). We agree with Kirklin that this clarification in the 2012 version of the instructions is certainly helpful. But that does not automatically mean that the 1999 version that was read to the jury was plainly erroneous. And we note that the instructions that were read went beyond mere boilerplate. They reminded the jury that it could only convict if it found that Kirklin knowingly induced "the use or carrying of a firearm during and in relation to the bank robbery." *Cf. United States v. Wright*, No. 12-3425, __ F.3d __, 2013 WL 3600345, at *4 (7th Cir. July 16, 2013) (discouraging use of boilerplate jury instructions).

Kirklin also suggests in passing that the one question submitted by the jury during deliberations demonstrates that it did not understand the jury instructions. We cannot agree. Lay jurors may have trouble understanding instruc-

tions for many reasons, and we will not speculate on the reason for the jury's question here. And in any event, when the district court proposed telling the jurors that all of the essential information they needed was already provided in the instructions on Count 2, defense counsel unequivocally agreed and never suggested any alternative instruction. Kirklin's challenge to his conviction on Count 2 must therefore fail.

## B. Sentencing Error Did Not Affect Fairness of Judicial Proceedings

Kirklin's second argument is that his 7-year sentence on Count 2 should be vacated because the jury—not the judge—needed to find him responsible for brandishing a firearm before any mandatory minimum penalty under 18 U.S.C. § 924(c) could be applied. According to Kirklin, because his sentence rests on a mere judicial finding of a fact it is incompatible with the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Because Kirklin failed to raise this argument before the district court, we review for plain error. *See United States v. Wolfe*, 701 F.3d 1206, 1216 (7th Cir. 2012) ("An *Apprendi* challenge is reviewed for plain error if it was not made in the district court.").

At the time Kirklin filed this appeal, Supreme Court precedent foreclosed any argument suggesting that a defendant's rights are violated if the district court finds him accountable for brandishing a firearm when the jury made no such finding. *See Harris v. United States*, 536 U.S. 545, 556 (2002) (finding "brandishing" a sentencing factor, as op-

posed to an element of § 924(c), which may be considered by the judge after trial).[2] However, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), a case that reconsidered *Harris*, was pending before the Supreme Court when this case was argued, so we held the case in abeyance awaiting the Court's decision. That decision has now been issued and the Court confirmed that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155. Like Kirklin, Alleyne was found guilty of a § 924(c) violation. The district court in Alleyne's case found that a preponderance of the evidence supported a finding of brandishing during a bank robbery and applied the 7-year statutory minimum sentence even though the jury did not find this fact beyond a reasonable doubt. *Id.* at 2156. The Supreme Court reversed and agreed with Alleyne, explaining that any "fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed," thereby increasing the "sentencing floor" and "form[ing] an essential ingredient of the offense" that must be submitted to the jury. *Id.* at 2160–61.

Here, the government concedes that in the wake of *Alleyne*, the district court's imposition of the 7-year mandatory minimum based on facts not found by a jury was erroneous. But before we can correct an error not raised at trial, we have

---

[2] Kirklin's supplementary briefing concedes that plain error applies in this case and *Harris* explains why Kirklin chose not to make the argument in the district court he advances now. The law was clearly against him. But we remind parties in future cases that "a claim must be advanced, if it is to be preserved, even when all precedent is contrary," otherwise we can only review for plain error. *United States v. Messino*, 382 F.3d 704, 715 (7th Cir. 2004) (Easterbrook, J., dissenting) (collecting cases).

to find that the error was "plain" and affected the defend-ant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732–34 (1993). The government concedes that the error here was plain. Although the government does not concede that this error affected Kirklin's "substantial rights," we will as-sume for sake of argument that it did. *See Olano*, 507 U.S. at 734 (explaining that an error affected "substantial rights" if it "affected the outcome of the district court proceedings."). At this point, Kirklin has satisfied the three threshold require-ments of plain error review. *Id.* at 732–34. So this brings us to the discretionary element: whether the error seriously affect-ed the "fairness, integrity, or public reputation of judicial proceedings." *Id.* at 732. In other words, we must decide whether the error is so fundamental in nature that uphold-ing this sentence results in an intolerable miscarriage of jus-tice. *United States v. Nance*, 236 F.3d 820, 825–26 (7th Cir. 2000); *see also Neder v. United States*, 527 U.S. 1, 8 (1999) (list-ing structural errors).

A similar quandary was presented in the aftermath of *Apprendi* in federal narcotics prosecutions when courts had to decide whether resentencing was necessary in cases where the drug quantity was not charged in the indictment and the jury did not find an amount triggering the statutory maximum. *See Nance*, 236 F.3d at 824–26 (finding no plain error given strength of evidence); *cf. United States v. Noble*, 246 F.3d 946, 955–56 (7th Cir. 2001) (vacating sentence on plain error review given minimal corroborating testimony and evidence). Then came *United States v. Cotton*, 535 U.S. 625 (2002), which confirmed that an "indictment's failure to allege a fact, drug quantity, that increased the statutory max-imum sentence rendered respondents' sentences erroneous under the reasoning of *Apprendi*," *id.* at 632, but such an er-

ror cannot be said to "seriously affect the fairness, integrity, or public reputation of judicial proceedings" when the evidence against the defendant is "overwhelming" and "essentially uncontroverted." *Id.* at 632–33; *see also Washington v. Recuenco*, 548 U.S. 212, 218 (2006) (holding trial court's application of mandatory 3-year firearm enhancement based on its own factual findings in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), not subject to automatic reversal).

We have similarly declined to find a miscarriage of justice on plain error review in cases in which we were "convinced that upon a properly worded indictment, a properly instructed jury would have found the defendants guilty of distributing the requisite threshold quantities of narcotics." *United States v. Mansoori*, 304 F.3d 635, 658 (7th Cir. 2002); *see also Knox v. United States*, 400 F.3d 519, 523 (7th Cir. 2005) (concluding that "judicial resolution of a factual dispute that should have been presented to the jury is not a 'structural error' that requires automatic reversal" under *Apprendi* given the "strength of the evidence"); *Nance*, 236 F.3d at 826 ("If it is clear beyond a reasonable doubt that a properly worded indictment and a properly instructed jury would have found [the defendant] guilty absent th[e] error, then we cannot say that the error was so serious that it requires us to set aside the judgment."), *cert. denied*, 534 U.S. 832 (2001).

Applying these principles to the case at hand, we cannot conclude that the district court's sentencing error affected "the fairness, integrity, or public reputation" of the proceedings below given the significant amount of evidence of brandishing a firearm in the record. Remember that Kirklin was charged with aiding and abetting the use and carrying of a firearm during the bank robbery. From the very outset,

he made it clear to Jones that he "had something" to prevent customers from leaving the bank and that she should use the revolver because it would not leave any shell casings. Jones's testimony at trial on this point was very clear and she also described pointing guns at customers in the bank. Two other witnesses, including a bank teller and a customer, also testified that Kirklin's accomplices brandished firearms during the robbery. Moreover, several instances of Jones and Kirklin brandishing their weapons are visible on the surveillance video that was played for the jury at trial. It therefore seems highly unlikely that the jury would have found Kirklin guilty on Count 2, but reach a different conclusion from the district court on the brandishing factor if it had been asked to make such a finding. As a result, we decline to remand for resentencing on Count 2.

## III. CONCLUSION

For these reasons, we AFFIRM Kirklin's conviction and sentence.