LUCERO, Circuit Judge,
concurring in part, dissenting in part.
My colleagues ask: “Must a sentencing court studiously ignore one of the most conspicuous facts about a defendant when deciding how long he should spend in prison?” (Majority Op. 1180.) That might be an interesting question to address, but as I see it, the real question presented in this appeal is whether the plain language of 18 U.S.C. § 924(c) allows a trial court to reduce a defendant’s sentence for an underlying crime of violence based on concerns that the statutorily prescribed § 924(c) sentence is too harsh. Because Congress has mandated that § 924(c) sentences be imposed “in addition to” the sentence for an underlying crime of violence, I would answer that question in the negative.
Consider a district court judge who, after weighing the factors set forth in § 3553(a), determines that a defendant convicted of robbery should be sentenced to five years’ imprisonment. Upon announcing his intent to impose the sentence, the prosecutor interjects that the defendant has also been convicted of using a firearm during and in relation to a crime of violence under § 924(e), which carries a five-year minimum. The judge acknowledges that he overlooked the § 924(c) count, but rules that a total sentence of five years is nevertheless proper. Because the § 924(c) sentence must be imposed consecutive to the robbery sentence, the district court revises the robbery sentence down to zero.
Under these circumstances, no one would describe the § 924(c) sentence as having been imposed “in addition to” the robbery sentence, as § 924(c)(1)(A) requires. Nonetheless, the majority concludes that this type of procedure would not violate the text of § 924(c). Because the unambiguous statutory language precludes such a result, I respectfully dissent.
Mandatory minimum sentences contained in § 924(c) have been described as “extremely severe,” United States v. T.M., 413 F.3d 420, 426 (4th Cir.2005), “draconian,” United States v. Hebert, 131 F.3d 514, 526 (5th Cir.1997) (DeMoss, J., dissenting in part), and “unjust, cruel, and irrational,” United States v. Angelos, 345 F.Supp.2d 1227, 1263 (D.Utah 2004). It is difficult to quibble with these statements. The Judicial Conference of the United States, the U.S. Sentencing Commission, and the American Bar Association have all urged Congress to reconsider the prudence of lengthy mandatory mínimums. See United States v. Bowen, No. CR-10-204, 2012 U.S. Dist. LEXIS 50670, at *24-44 (E.D.La. Apr. 11, 2012) (unpublished) (collecting commentary).
Despite the problems with § 924(c), “[i]t is well established that when the statute’s language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.” First Nat’l Bank v. Woods (In re Woods), 743 F.3d 689, 694 (10th Cir.2014) (quotation omitted). Mandatory mínimums in § 924(c)(1)(A) must be imposed “in addition to the punishment provided for [an underlying] crime of violence or drug trafficking crime,” § 924(c)(1)(A), and “Notwithstanding any other provision of law,” may not “run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm *1195 was used, carried, or possessed,” § 924(c)(1)(D).
As the foregoing hypothetical illustrates, accepting Smith’s argument would permit district courts to reduce or even replace an otherwise proper sentence for an underlying crime of violence based on the court’s concern that the mandatory minimum is excessive. I agree with the vast majority of circuits to have considered this issue that such a procedure violates the unambiguous command that § 924(c) sentences be imposed “in addition to” the sentence for an underlying crime of violence. See United States v. Chavez, 549 F.3d 119, 135 (2d Cir.2008) (“[A] sentencing court is required to determine the appropriate prison term for the count to which the § 924(c) punishment is to be consecutive; and if the court reduces the prison term imposed for that underlying count on the ground that the total sentence is, in the court’s view, too severe, the court conflates the two punishments and thwarts the will of Congress that the punishment imposed for violating § 924(c) be ‘additional]’ and ‘no[t] ... concurrent ].’ ”); United States v. Hatcher, 501 F.3d 931, 933 (8th Cir.2007) (sentencing court could not permissibly “conflate[ ] the sentences for the § 924(c) offenses and the related [underlying] crimes”); United States v. Franklin, 499 F.3d 578, 583 (6th Cir.2007) (“This statutory language reflects the intent of Congress that the § 924(c)(1) sentence must be imposed ‘in addition to’ a reasonable guideline range sentence.”); United States v. Roberson, 474 F.3d 432, 436 (7th Cir.2007) (“[T]o use the presence of a section 924(c)(1) add-on to reduce the defendant’s sentence for the underlying crime would be inconsistent with Congress’s determination to fix a minimum sentence for using a firearm in [the underlying crime].”); see also United States v. Powell, 444 Fed.Appx. 517, 522 (3d Cir.2011) (unpublished) (“The District Court properly refused to give any weight to the severity of the statutory minimum sentences for the § 924(c) counts when determining the sentence for the [underlying] counts.”); United States v. McCullers, 395 Fed.Appx. 975, 978 (4th Cir.2010) (unpublished) (“[U]nder § 924(c), a defendant is first sentenced for the underlying drug trafficking offense, without consideration for the applicable consecutive sentences related to the firearm violations.”). But see United States v. Webster, 54 F.3d 1, 4 (1st Cir.1995) (“[I]n departing from a guideline sentence the district court is free to exercise its own judgment as to the pertinence, if any, of a related mandatory consecutive sentence.”).
The majority cites to §§ 3553 and 3661, which set the general sentencing policies district courts must follow. (Majority Op. 1181-84.) I agree that § 924(c) strays from these general policies, and from our history of individualized judicial sentencing practices. (See Majority Op. 1181-82.) But “specific statutory provisions prevail over more general provisions.” United States v. Burke, 633 F.3d 984, 989 (10th Cir.2011) (quotation omitted). And Congress may impinge upon judicial discretion by setting mandatory minimums. See United States v. Hatch, 925 F.2d 362, 363 (10th Cir.1991).
In addition to the general statutory provisions, the majority relies on 18 U.S.C. § 1028A, another mandatory minimum that includes language similar to § 924(c), but adds the proviso that “a court shall not in any way reduce the term to be imposed for [an underlying] crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section.” § 1028A(b)(3). If the “in addition to” language contained in both § 924(c) and § 1028A were enough, the majority concludes, this latter proviso would be superfluous. (Majority Op. *1196 1186-87.) But Congress may include technically unnecessary language out of an abundance of caution under the canon ex abundanti cautela. See Marx v. Gen. Revenue Corp., 668 F.3d 1174, 1183 (10th Cir.2011). Indeed, the legislative history of § 1028A indicates that Congress directed the mandatory minimum to be imposed “in addition to any term of imprisonment for the underlying offense,” and included subsection (b)(3) “to ensure the intent of th[e] legislation is carried out.” H.R.Rep. No. 108-528, at 10 (2004), reprinted in 2004 U.S.C.C.A.N. 779, 785-86. That Congress chose a belt-and-suspenders approach in one statute does not render suspenders alone insufficient.
Finally, the majority cites to a Guidelines application note, U.S.S.G. § 2K2.4, cmt. n.4, which provides that a sentencing enhancement for using a firearm should not be applied to an underlying crime of violence if the defendant is also convicted under § 924(c). (See Majority Op. 1187-88.)[1] Whether this note is consistent with the statute is a reasonable question, but not one before us. It may be that the application note permissibly allows for consideration of a § 924(c) conviction rather than a § 924(c) sentence given that its treatment of the enhancement does not vary based on which of § 924(e)’s several mandatory minimum sentences applies. In any event, a Guidelines application note cannot trump plain statutory language. See Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 2327, 183 L.Ed.2d 250 (2012).
My colleagues present the best argument I have seen for the proposition that district courts may consider § 924(c) mandatory mínimums when sentencing defendants for underlying crimes.[2] The plain language of the statute, however, compels me to respectfully dissent.

. The availability of this enhancement for an underlying crime of violence absent a § 924(c) conviction explains most of the cases discussing the legal relatedness of the two charges. (See Majority Op. 1189 & n. 6.) These cases concern resentencing for defendants whose § 924(c) convictions were vacated. See, e.g., United States v. Mendoza, 118 F.3d 707, 710 (10th Cir.1997). But see United States v. Watkins, 147 F.3d 1294, 1296-97 (llth Cir.1998) (holding that the availability of the § 2D 1.1 (b)(1) enhancement is not "an integral component of the court's jurisdiction to resentence on unchallenged counts” after a § 924(c) conviction is vacated).

. I also agree with my colleagues in their resolution of Smith’s argument regarding the admission of the firearm toolmark analysis. (See Majority Op. 1193-94 n. 13.)