In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 15-2407, 15-2408

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

IFEANYICHUKWU IKEGWUONU
and CHUKWUEMEKA IKEGWUONU,

*Defendants-Appellants.*

_____

Appeals from the United States District Court for the
Western District of Wisconsin.
No. 3:15-CR-00021 — **William M. Conley**, *Chief Judge.*

_____

ARGUED APRIL 27, 2016 — DECIDED JUNE 13, 2016

_____

Before FLAUM, MANION, and WILLIAMS, *Circuit Judges.*

FLAUM, *Circuit Judge.* Twin brothers Ifeanyichukwu "Jack"
and Chukwuemeka "William" Ikegwuonu appeal their sen-
tences for Hobbs Act robbery, 18 U.S.C. § 1951(a), and bran-
dishing a firearm during a crime of violence, § 924(c)(1). For
the robberies, Jack and William received below-guidelines

sentences of thirty months and twenty-four months, respectively. For brandishing a firearm, both men received a consecutive, statutory minimum sentence of seven years' imprisonment. Defendants now argue for the first time on appeal that the district court, in determining appropriate sentences for the robberies, should have been free to take into account fully the mandatory, consecutive nature of the § 924(c)(1) sentence, a position we rejected in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007). *Roberson* holds that a district judge must determine the appropriate sentence for the underlying crime "entirely independently of the section 924(c)(1) add-on …." *Id.* at 437. Because defendants have not presented compelling reasons to overturn *Roberson*, we affirm their sentences.

## I. Background

Defendants robbed five businesses at gunpoint in Madison, Wisconsin. On four of the five occasions, Jack entered alone to carry out the robbery while William waited in the getaway car; only once were the roles reversed. During each robbery, Jack or William demanded money while displaying a nonfunctional, unloaded handgun. They took a total of $1,643. After each robbery—except the last one, when police caught them—the men immediately used the money to purchase heroin.

Both Jack and William pled guilty to five counts of Hobbs Act robbery and one count of brandishing a firearm during a crime of violence. A probation officer calculated the same imprisonment range for each defendant: 63 to 78 months for the robberies, plus a consecutive, statutory minimum term of seven years for the firearm count. Both brothers argued for sentences substantially below the guidelines range for the robbery convictions. Jack requested no prison time, while

William asked for six months with credit for time served, which amounted to no additional prison time. These proposed sentences, the brothers insisted, were sufficient to serve the purposes of sentencing in light of the mandatory seven-year sentences they faced under § 924(c)(1). Furthermore, the brothers contended that *Roberson* simply prohibits a sentencing court from giving too much, rather than any, weight to the § 924(c)(1) sentence.

The district court rejected the brothers' requested sentences but did impose terms that are less than half of the recommended minimum under the sentencing guidelines for the robberies. The court justified the sentences by noting that, although the brothers had robbed five businesses at gunpoint and "caused numerous victims to fear for their lives," the crimes were driven by addiction, were "out of character," and defendants had quickly accepted responsibility and expressed remorse.

Although the district court acknowledged that, under our precedent, it had to determine independently an appropriate sentence for the robbery counts, several statements by the court show that it in fact considered the additional § 924(c)(1) sentence in deciding on a prison term for the robberies. For example, at the sentencing hearing the court said that it would consider the robbery counts "in the context of the overall case" and noted that "it would be impossible as a human being not to be thinking about the overall impact of the sentence." The court also stated that the sentence for the § 924(c)(1) violation "weighs somewhere … in the overall consideration." And the court appeared to agree with defense counsel's argument that *Roberson* allowed the court to give the sentence for the gun count some weight. In its written reasons

entered after sentencing, the court added that it "would be remiss not to mention the impact of § 924 on the overall sentence" and concluded that "[a]ll of these factors" justify the below-guidelines sentences for the robberies.

## II. Discussion

On appeal, defendants contend that their prison terms for the robberies are too severe, and that the district court should have—but did not—take into account the § 924(c)(1) sentence when deciding on an appropriate term for the robberies. Framed this way, defendants' argument strains credulity because the district court all but pronounced (as the court's below-range robbery sentences would seem to corroborate) that it took into account the § 924(c)(1) sentence notwithstanding *Roberson*.[1] Thus, defendants' essential claim must be that the district court should not have been subject to any limitation whatsoever in taking into account the mandatory consecutive § 924(c)(1) sentence.

Defendants acknowledge that *Roberson* precludes their claim. In *Roberson*, we held that sentencing judges may not reduce a prison term for an underlying crime to offset the consecutive term that is statutorily mandated for violating § 924(c)(1). 474 F.3d at 436–37. We explained that using a § 924(c)(1) sentence to offset the prison term for the underlying crime, even by as little as one month, "would be inconsistent with Congress's determination to fix a minimum sentence for using a firearm in a crime of violence." *Id.* at 436. Defendants therefore ask us to overturn *Roberson*.

---

[1] Because the government did not file a cross-appeal, the question of whether defendants received an unauthorized benefit is one that we need not address. *See Greenlaw v. United States*, 554 U.S. 237, 244–45 (2008).

As an initial matter, defendants never argued before the district court that *Roberson* was wrongly decided. Instead, they asserted that *Roberson* allows a district court to give some weight to the statutory minimum sentence under § 924(c)(1). Now they rightly concede that *Roberson* wholly prevents a district court from considering the § 924(c)(1) sentence, and thus argue that *Roberson* should be overruled. Because defendants raise this argument for the first time on appeal, we review for plain error. *See United States v. Kirklin*, 727 F.3d 711, 717 n.2 (7th Cir. 2013) ("[A] claim must be advanced, if it is to be preserved, even when all precedent is contrary, otherwise we can only review for plain error." (citation and internal quotation marks omitted)).

Regardless of whether or not defendants' argument about *Roberson* was fairly presented to the district court, we will not overturn Circuit precedent absent compelling reasons. We give "considerable weight to prior decisions of this court unless and until they have been overruled or undermined by the decisions of a higher court, or other supervening developments, such as a statutory overruling." *Santos v. United States*, 461 F.3d 886, 891 (7th Cir. 2006) (citation and internal quotation marks omitted), *aff'd*, 553 U.S. 507 (2008); *see also United States v. Zuniga-Galeana*, 799 F.3d 801, 806 (7th Cir. 2015). None of defendants' reasons for overturning *Roberson* are compelling.

Rather, their arguments were addressed in *Roberson* itself. Defendants emphasize that § 924(c) says nothing about the underlying crime, other than that the sentences must run consecutively. They also argue that treating § 924(c) as providing a sentencing procedure conflicts not only with 18 U.S.C. § 3551, which directs sentencing courts to apply § 3553(a)

"[e]xcept as otherwise specifically provided," but also with
§ 3553(a), which, defendants insist, mandates an overarching
parsimony principle. But in *Roberson* we acknowledged the
"tension with section 3553(a)," yet concluded that this "very
general statute" could not be "understood to authorize courts
to sentence below minimums specifically prescribed by Con-
gress." 474 F.3d at 436. Defendants also contend that *Rob-
erson*'s interpretation of § 924(c) ignores *United States v. Booker*,
543 U.S. 220 (2005), by limiting a district court's sentencing
discretion. But we rejected this very argument in *Roberson*, ex-
plaining that *Booker* does not authorize sentencing courts to
disregard statutory minimums. 474 F.3d at 436–37.

Defendants' remaining arguments similarly invoke the
traditional discretion of sentencing courts. Specifically, de-
fendants contend that *Roberson* is at odds with a sentencing
court's customary practice of fashioning an overall sentence,
or "sentencing package." Additionally, they argue that *Rob-
erson* conflicts with 18 U.S.C. § 3661, which provides that
"[n]o limitation shall be placed on the information concerning
the background, character, and conduct of a person convicted
of an offense …." But these arguments fail to point to any su-
pervening developments—from either a higher court or Con-
gress—that undermine *Roberson*. We have already explicitly
rebuffed a request to overturn that decision, *see United States
v. Calabrese*, 572 F.3d 362, 369–70 (7th Cir. 2009), and have con-
tinued to endorse *Roberson*'s analysis, *see United States v.
Dooley*, 688 F.3d 318, 320 (7th Cir. 2012) (relying on *Roberson*
for proposition that "any mandatory term comes on top of a
sentence computed independently for the other offenses").
Five of six circuits to address the issue after *Roberson* have
agreed with this Court's reasoning. *See United States v. Ed-*

*mond*, 815 F.3d 1032, 1048 (6th Cir. 2016); *United States v. Powell*, 444 F. App'x 517, 522 (3d Cir. 2011) (nonprecedential decision); *United States v. McCullers*, 395 F. App'x 975, 978 (4th Cir. 2010) (nonprecedential decision); *United States v. Williams*, 599 F.3d 831, 834 (8th Cir. 2010); *United States v. Chavez*, 549 F.3d 119, 134–35 (2d Cir. 2008). *But see United States v. Smith*, 756 F.3d 1179 (10th Cir. 2014) (disagreeing with *Roberson* in a split decision).

At oral argument, defendants asserted for the first time that the Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011), compels us to overturn *Roberson*. This argument is not properly before us, which is reason enough to reject it. *See United States v. Conley*, 291 F.3d 464, 468 n.3 (7th Cir. 2002) (declining to consider an argument raised for the first time at oral argument). But waiver aside, the contention lacks merit. In *Pepper*, the Supreme Court pointed to the "wide discretion" of sentencing judges to consider under § 3661 "the fullest information possible concerning the defendant's life and characteristics," 562 U.S. at 488 (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)), and held that evidence of the defendant's post-sentencing rehabilitation could be considered at resentencing, *id.* at 493. But *Pepper* does not say that a sentencing court's discretion is unlimited. *See id.* at 489 n.8 (noting that "sentencing courts' discretion under § 3661 is subject to constitutional constraints"). Certain characteristics of a defendant—race, sex, and religion, for example—are well understood as inappropriate factors to consider at sentencing. *See* U.S.S.G. § 5H1.10; *United States v. Trujillo-Castillon*, 692 F.3d 575, 579 (7th Cir. 2012). Moreover, a consecutive sentence under § 924(c) is irrelevant to § 3661, which concerns factual information about a defendant's "background, character, and conduct ...." § 3661;

*cf. United States v. LaFleur*, 971 F.2d 200, 212 n.14 (9th Cir. 1991) (noting that a statute mandating a life sentence was not a "'limitation' on the type of information" allowed by § 3661). And even if there were tension between the statutes, we already concluded in *Roberson* that general sentencing provisions, such as § 3661, do not undermine the specific statutory minimum prescribed in § 924(c). *See* 474 F.3d at 436.

### III. Conclusion

Accordingly, the judgments in both appeals are **AFFIRMED**.