In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1056

TYRONE KIRKLIN,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-CV-09537 — **Matthew F. Kennelly**, *Judge.*

ARGUED DECEMBER 6, 2017 — DECIDED MARCH 5, 2018

Before WOOD, *Chief Judge*, and EASTERBROOK and
HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. For the second time we review
Tyrone Kirklin's conviction for aiding and abetting a robbery
where his co-conspirator brandished the guns he gave her. In
Kirklin's first appeal, we found that the district judge erred by
making the brandishing finding rather than requiring a jury
to make this determination. The district judge had acted in
accord with controlling Supreme Court precedent at the time.

After oral argument in Kirklin's first appeal, the Supreme Court overruled its controlling precedent and held that the brandishing determination must be made by a jury. Because that later case controlled, we found the judge had erred. Nevertheless, we affirmed Kirklin's conviction and sentence because his attorney did not raise the issue in the district court, and we found the error was not a plain error requiring reversal despite the lack of objection. *United States v. Kirklin*, 727 F.3d 711 (7th Cir. 2013).

Under 28 U.S.C. § 2255, Kirklin now asserts that his attorney's failure to object in the district court amounted to ineffective assistance of counsel in violation of the Sixth Amendment. We disagree. The constitutional standard for performance under the Sixth Amendment does not require a criminal defense attorney to anticipate that the Supreme Court is about to overrule its controlling precedent, at least not in these circumstances, before the Supreme Court had granted review in a case presenting the question whether to overrule the controlling precedent. We affirm the district court's denial of Kirklin's motion to vacate his conviction.

This case began in November 2010, when Kirklin recruited his friend Tiffany Jones to rob a bank in Homewood, Illinois. Kirklin picked up Jones and his cousin, Justice McCallister, and drove them to the bank. Kirklin instructed Jones to stand guard at the front of the bank to prevent anyone from entering or leaving the building while McCallister grabbed the money. Kirklin gave Jones a semi-automatic handgun and a revolver. He also explained that one advantage of the revolver was that it would not leave shell casings behind if she had to fire. Arriving at the bank, Jones used a gun to force a customer leaving the bank to go back inside, but she failed to stop another

customer who was leaving and who immediately called the police. McCallister and Jones carried out the robbery and left the bank with the stolen money, but they were arrested quickly near the scene. They gave statements admitting the robbery and implicating Kirklin.

Kirklin was tried and convicted of two counts: aiding and abetting the robbery, and aiding and abetting the use or carrying of a firearm during a crime of violence. He was sentenced to a total of 171 months in prison, which included an 84-month consecutive sentence on the second count, under 18 U.S.C. § 924(c), because the firearms had been brandished during the robbery. Section 924(c) provides mandatory minimum and consecutive prison sentences that vary based on whether the defendant was responsible for merely carrying or using the weapon, or for brandishing it, or for discharging it. If the weapon is only used or carried during the crime of violence, the mandatory minimum is five years. § 924(c)(1)(A)(i). If the weapon is brandished, the mandatory minimum is seven years. § 924(c)(1)(A)(ii).

Video evidence and witness testimony showed that Jones and McCallister had both brandished their weapons during the robbery. The court did not, however, instruct the jury to make a specific factual finding as to whether the government had proved beyond a reasonable doubt that Kirklin was responsible for the brandishing. Instead, the district court made this determination at sentencing in July 2012.

A decade before Kirklin's sentencing, the Supreme Court had held in *Harris v. United States*, 536 U.S. 545 (2002), that whether a firearm was brandished in violation of § 924(c)(1)(A) was a sentencing factor rather than an element of the offense so that it "need not be alleged in the indictment,

submitted to the jury, or proved beyond a reasonable doubt." *Id.* at 568. Under *Harris*, a judge could decide whether a firearm was brandished so that the seven-year mandatory minimum would apply. The result in *Harris* depended on a distinction between factual findings that increase a mandatory minimum sentence and findings that increase the maximum sentence under a statute, which the Court had recently held must be found by a jury in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Harris*, 536 U.S. at 557.

Despite criticism of this fragile distinction, *Harris* remained the law when Kirklin was sentenced. Just three months later, however, in October 2012 the Court granted a writ of certiorari in *Alleyne v. United States*, which signaled that the Court would consider whether to overrule *Harris*. See *Alleyne v. United States*, 568 U.S. 936 (2012). The Court decided *Alleyne* on the merits in June 2013, overruling *Harris* and holding that juries must make factual determinations that increase mandatory minimum sentences as well as maximum sentences permitted by statute. *Alleyne*, 570 U.S. 99, 103 (2013). *Alleyne* addressed exactly the same statutory provision: the brandishing enhancement under § 924(c)(1)(A). *Alleyne* held that brandishing is an element of the conduct criminalized by the seven-year mandatory minimum and must be determined by a jury beyond a reasonable doubt. 570 U.S. at 117.

We decided Kirklin's direct appeal after the Court issued *Alleyne*. We held in that first appeal that the district court had erred by imposing the seven-year mandatory sentence without a jury determining the brandishing element. *United States v. Kirklin*, 727 F.3d 711, 718 (7th Cir. 2013). Since Kirklin's attorney had not raised the matter in the district court, we ap-

plied the "plain error" standard of review. We affirmed Kirklin's sentence because the error did not affect the fairness, integrity, or public reputation of the proceedings in the district court. *Id.* at 719. The evidence that Kirklin's accomplices brandished the firearms and that Kirklin was responsible for their having done so was overwhelming. It seemed "highly unlikely" that the jury would have found Kirklin guilty of aiding and abetting the use or carrying of the firearms without finding him equally responsible for the brandishing. *Id.*

After his loss on direct appeal, Kirklin sought relief from his sentence under 28 U.S.C. § 2255, claiming that he was denied his Sixth Amendment right to effective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668 (1984), to prove ineffective assistance of counsel, Kirklin must show that his attorney's performance "fell below an objective standard of reasonableness" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The district court held that Kirklin failed to establish that his attorney's performance was objectively unreasonable. We agree. Since Kirklin's appeal focuses only on the legal conclusions of the district court, we review the court's decision *de novo*. *Spiller v. United States*, 855 F.3d 751, 755 (7th Cir. 2017).

Kirklin contends that his attorney's performance was objectively unreasonable because he failed to anticipate the possible overruling of *Harris* and thus failed to object to having the district court make the factual finding whether Kirklin was responsible for Jones and McCallister brandishing the firearms. Kirklin argues that by the time of his sentencing, a competent lawyer would have realized that the overruling of *Harris* was imminent. Kirklin points to Alleyne's own lawyer,

who raised the issue despite the continuing viability of *Harris*. He also notes Justice Sotomayor's later observation in *Alleyne* itself that the majority coalition in *Harris* had relied on Justice Breyer's opinion, in which he had announced that he viewed the logic of *Apprendi* and *Harris* as incompatible, but had concurred with the majority's judgment on the understanding that *Apprendi* had been decided wrongly and should be overruled. *Alleyne*, 570 U.S. at 119–20 (Sotomayor, J., concurring).

As the years passed, the broader reading of *Apprendi* gained more force, and in *Alleyne* Justice Breyer ultimately acknowledged that *Apprendi* was not going away. He conceded that his long-held view that judges could make factual findings that alter statutory sentencing ranges would not prevail and voted to overrule *Harris* to provide greater uniformity in sentencing doctrine. *Alleyne*, 570 U.S. at 122 (Breyer, J., concurring in part and concurring in the judgment). But that does not mean *Alleyne* was a foregone conclusion.

For years the Court continued to deny certiorari in cases arguing that *Harris* should be overruled, even as the principle underlying *Apprendi* applied with greater force to sentencing statutes. Most notably, in *United States v. Booker*, 543 U.S. 220 (2005), the Court held unconstitutional the statutory provisions making the U.S. Sentencing Guidelines mandatory. And in *United States v. O'Brien*, 560 U.S. 218 (2010), the Court held that a factual finding that would trigger a mandatory minimum thirty-year sentence under § 924(c)(1)(B) for use of a machine-gun was an element that must be decided by a jury because the factual finding resulted in a "drastic … increase" in the mandatory minimum as compared to the "incremental changes" in § 924(c) then permitted under *Harris*. *O'Brien*, 560 U.S. at 229.

The most recent of those certiorari denials that we have identified came just two months before Kirklin's sentencing. See *Crayton v. United States*, 566 U.S. 991 (2012) (order denying certiorari on May 14, 2012). And the Court had repeatedly denied certiorari on the issue in the preceding years. See *Krieger v. United States*, 628 F.3d 857 (7th Cir. 2010), *cert. denied*, 565 U.S. 835 (2011); *Booker v. United States*, 612 F.3d 596 (7th Cir. 2010), *cert. denied*, 562 U.S. 1182 (2011); *Berroa v. United States*, 374 Fed. App'x 266 (3d Cir. 2010), *cert. denied*, 562 U.S. 1061 (2010); *Benford v. United States*, 574 F.3d 1228 (9th Cir. 2009), *cert. denied*, 560 U.S. 928 (2010); *Clark v. United States*, 538 F.3d 803 (7th Cir.), *cert. denied*, 556 U.S. 1127 (2009). While certiorari denials are not rulings on the merits, defense counsel reasonably may read in them a reluctance on the Court's part to revisit a prior ruling, particularly when similar certiorari denials come over an extended period of time.

The central problem for Kirklin is that his claim of ineffective assistance depends on hindsight, which *Strickland* warns against: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight … ." 466 U.S. at 689. With the benefit of hindsight, the overruling of *Harris* can too easily seem almost inevitable. But it was not inevitable to Justice Scalia, who concurred in both *Apprendi* and *Harris* and dissented in *Alleyne*. Nor was it inevitable or appropriate in the view of the other Justices who dissented in *Alleyne*. See 570 U.S. at 124; 133 S. Ct. at 2167 (Roberts, C.J., dissenting); 570 U.S. at 132; 133 S. Ct. at 2172 (Alito, J., dissenting). We have said repeatedly that the guarantee of effective assistance of counsel does not require an attorney to anticipate every eventual change in the law. *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001); *Lilly v. Gilmore*,

988 F.2d 783, 786 (7th Cir. 1993). We do not expect criminal defense attorneys to follow all the procedural developments in the Supreme Court to divine meaning from certiorari petitions and oracular denials when the Supreme Court already has decided a controlling precedent on the question at hand. Overruling precedent is serious and rare. It is not objectively unreasonable for a defense lawyer to assume that the Court will follow its precedents unless and until it signals clearly that it will not do so.

Our reasoning here does not address the constitutional standard for performance on this issue after the grant of a petition for certiorari, which gives notice to the criminal defense bar that an issue of previously settled law has become unsettled, so that reasonable attorneys may need to take appropriate action in pending cases. Still, given the strength of the evidence against Kirklin on the brandishing issue, even after certiorari was granted in *Alleyne*, a defense lawyer might have made a reasonable strategic decision not to challenge the brandishing issue.

The judgment of the district court is AFFIRMED.