In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1901

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN M. SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 CR 863-1 — **Edmond E. Chang**, *Judge.*

ARGUED MARCH 2, 2016 — MARCH 21, 2016

Before WOOD, *Chief Judge,* and BAUER and KANNE, *Circuit Judges*.

BAUER, *Circuit Judge*. John Smith was found guilty by a jury of distributing heroin, *see* 21 U.S.C. § 841(a)(1), and sentenced to 216 months' imprisonment. During deliberations the jury sent four notes to the judge who conferred with the parties before responding. In the fourth note, a juror asked to be removed from the case, but the judge responded that all the jurors should continue deliberating. Smith argues that

this response was unduly coercive and asks that his conviction be vacated. The government argues that Smith waived any challenge to the court's response. We agree that Smith waived his challenge and affirm the judgment.

## I.

Smith, a retired member of the Black Disciples gang, routinely distributed heroin near Garfield Park on Chicago's West Side. On four occasions over about a month, he sold heroin to a confidential source of the FBI. Each time, the sale took place as follows: first the FBI would record telephone conversations between Smith and the source to arrange the buy. Then, in preparation for the sale, the FBI would search the source and his car for contraband, provide the source with money for the buy, and equip the source with an audio recorder. During each sale, FBI agents would conduct audio and visual surveillance from nearby positions. Afterward, agents would search the source and send the recovered baggies of drugs to a lab, which tested the contents positive for heroin.

Smith's trial lasted three days. The confidential source did not testify, but two FBI agents testified about the telephonic recordings, the searches they carried out, and the heroin they recovered. An expert witness in narcotics trafficking testified as to the meaning of coded language in the recorded telephone calls and the market prices at that time for heroin in that part of Chicago. Another expert witness testified to the lack of usable fingerprint evidence on the baggies. Surveillance agents testified that Smith drove an Infiniti car during the transactions, and records from a Chica-

go-based Infiniti dealership definitively linked the car to Smith. Smith presented no evidence.

After closing arguments the court instructed the jury on the applicable law. It read aloud the so-called *Silvern* instruction, set forth in Section 7.03 of the Pattern Criminal Jury Instructions of this court, which urges jurors to use their "considered judgment," listen to their fellow jurors, but "not surrender [their] honest beliefs" for the sake of a unanimous verdict.

On the morning of deliberations, the jury submitted several notes to the court. The first note simply requested copies of the verdict form. The second note requested clarification about whether the definition of "distribution" covered a situation where the defendant handed the drugs to someone else to give to the source. The court conferred with counsel and Smith, and then wrote the jury that it already had all the applicable instructions on the definition of "distribution."

Before it could respond to the jurors' second note, the court received a third note. In that note a juror expressed concern about being bullied by another juror and asked to be removed from the case. The parties and the court conferred, and defense counsel requested that the court tell the jurors to continue deliberating. The court proposed that it repeat the *Silvern* instruction. Defense counsel did not object. The court then prepared a note to the jury that read, "In response to a note concerning your deliberations, I am directing all of you to re-read the attached instruction which was previously provided to you," along with another copy of the *Silvern* instruction. Defense counsel replied, "That is perfect."

An hour later another juror submitted a fourth note, which is the subject of this appeal. In the note, this juror asked to be removed from the jury:

> Dear Judge,
>
> Can I get off of this Jury due to I cannot make a sound disstion [sic] of this case.
>
> [Juror's Signature]

The court read the note aloud and then asked defense counsel his position. Counsel responded, "Continue to deliberate." But the government wanted to bring the jury back into the courtroom and have them listen again to the *Silvern* instruction. Defense counsel wondered aloud whether the note was a sign of an impending deadlock, but the government and court were disinclined to conclude that the jury was deadlocked based on one juror's note. Defense counsel responded: "Your honor, under oath she was asked if she would listen to the Court's instructions and she would render a fair verdict. I would ask that she be told, not her herself, but the jurors be told to continue to deliberate." He also noted that now there were three or four jurors who had a "problem" with the case, and he hoped this might benefit Smith.

The court adopted the language that defense counsel requested as follows: "In response to jury note 4, each of you is part of the jury that has been picked to decide this case. Each of you must continue to deliberate." The court turned to defense counsel and asked, "How is that, [defense counsel]?" Counsel answered, "Perfect."

Twenty minutes later, the jury informed the court that it had reached a verdict. The jury found Smith guilty on all counts. The court polled each juror, and each assented to the guilty verdict.

Seven months later, after obtaining new counsel, Smith moved for a new trial on the basis that the court's response to the fourth note was unfairly coercive because it did not remind the jurors to hold onto their convictions. He argued that the court's exhortation to keep deliberating, despite the jurors' complaints of being bullied and being unable to make a sound decision, forced the jurors to resign their beliefs and vote guilty. The district court denied the motion as untimely, and in any event, the court continued, the challenge to the court's response to the fourth juror note was "waived as waived can be." The court explained that it formulated its response to express Smith's request that the jury "continue to deliberate," and Smith agreed that the court's formulation was "perfect." And the challenge was meritless, the court added, because it had instructed the jurors aloud and twice in writing to deliberate with an open mind but not to surrender their beliefs.

Smith was sentenced to 216 months' imprisonment on each count to run concurrently and eight years' supervised release.

## II.

Smith's only argument on appeal is that the district court's response to the fourth note was coercive. He argues that the court should have admonished the jury not to relinquish their convictions to reach a verdict. The government argues that Smith affirmatively waived any challenge to the

court's response by agreeing with it. It contends that defense counsel's reply of "perfect" to the court's proposed response constituted "unmistakable approval."

We agree with the government and the district court that Smith waived his challenge to the court's response by affirmatively *proposing* the formulation of the response. When a defendant affirmatively approves an instruction to the jury, he waives his challenge. *United States v. Kirklin*, 727 F.3d 711, 716 (7th Cir. 2013); *United States v. DiSantis*, 565 F.3d 354, 361 (7th Cir. 2009). Smith's unequivocal answer of "perfect"—a more affirmative answer than, say, "no objection"—constitutes a waiver. *See United States v. Ajayi*, 808 F.3d 1113, 1121 (7th Cir. 2015) ("Ordinarily, we treat an affirmatively stated "no objection" to a jury instruction as a waiver.").

And the district court was under no obligation to provide the *Silvern* instruction for a fourth time; it is within the court's discretion simply to tell the jury to continue deliberating. *United States v. Degraffenried*, 339 F.3d 576, 580 (7th Cir. 2003). "[A] bare instruction to keep deliberating does not warrant reversal." *United States v. Coffman*, 94 F.3d 330, 336 (7th Cir. 1996).

### III.

We AFFIRM the judgment.