In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2074

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ALVIN L. EDGEWORTH,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-cr-00015-1 — **Charles R. Norgle**, *Judge*.

ARGUED APRIL 18, 2018 — DECIDED MAY 2, 2018

Before WOOD, *Chief Judge*, and FLAUM and EASTERBROOK, *Circuit Judges*.

FLAUM, *Circuit Judge*. Defendant-appellant Alvin Edgeworth was convicted of bank robbery and brandishing a firearm. Edgeworth seeks a new trial, asserting the district court erred by: (1) denying his motion to suppress and failing to grant an evidentiary hearing relating to his motion to suppress; (2) conducting a flawed jury selection process and de-

clining to excuse a juror; and (3) applying a two-level en-hancement for taking a financial institution's property. We af-firm.

## I. Background

On January 9, 2015, Belmont Bank & Trust, located on Wacker Drive in Chicago, was robbed. The robber wore a yel-low construction helmet, reflective vest, and a neck warmer wrapped around his face and neck. The robber approached a teller, held a firearm so the teller could see it, and demanded money. The teller gave the robber approximately $3,000 and included a GPS tracking device in the cash bundles.

After the robber left, the teller called 911 and a manager pushed the bank alarm. Law enforcement responded and within ten minutes, a person matching the teller's description was located running south on State Street. The pursuit led to an underground train platform where the individual at-tempted to flee via the train tracks. The police apprehended the individual, returned him to the platform, and performed a search. They found the bank's stolen money, the GPS tracker, and the construction outfit that matched the teller's descrip-tion. They also recovered a loaded revolver from his waist-band. The individual identified himself as Alvin Edgeworth, the defendant. Police transported Edgeworth to a FBI facility for processing, where he provided a video-recorded post-ar-rest statement.

Prior to trial, Edgeworth filed a motion to suppress state-ments from his interrogation and requested an evidentiary hearing. Edgeworth's motion to suppress contained three al-legations: (1) "that police officers physically assaulted him once he was placed in custody"; (2) "that officers physically

coerced him into making statements the government intends to use in its case in chief"; and (3) "that officers made statements that made him believe that if he would not cooperate with law enforcement, he would be sent to prison for a long time." The district court denied Edgeworth's motion, holding he did not allege sufficient facts to make out a "prima facie showing of illegality."

Edgeworth proceeded to trial in January 2017. During voir dire, one potential juror indicated she needed to return to college later that week. The judge did not follow up on her statement. Nevertheless, along with eleven others, she was seated on the jury. An alternate was also chosen.

After the government's case in chief, the college-bound juror presented a note to the district court which read, in relevant part:

> Hello. My name is []. When being interviewed on Tuesday I said that I am leaving to return to school tomorrow, Thursday, January 12th, to attend a mandatory orientation for a class Friday. Tomorrow is the only day my parents were able to take off work this week to take me. I do wish I had another option. Judge Norgle continued with another unrelated question when I mentioned I needed to go back Thursday. Therefore I did not want to question him, and I assumed he heard me. When I was chosen, I thought that was because he believed it would be over by the end of the day. I apologize for any inconvenience this causes, and I do wish I could be here tomorrow. Due to the inflexible above circumstances, I will not be able to attend tomorrow.

The court asked the parties whether they believed the juror should remain on the jury. The government stated the juror should remain for the rest of the trial. Defense counsel stated: "I'm in agreement with the government, your Honor. I think she should stay." As a result, the district court advised the juror that "[y]ou are to remain on this jury and be here on time tomorrow morning at 10:00 A.M."

Jury deliberations began the next day. The jury convicted Edgeworth of bank robbery in violation of 18 U.S.C. § 2113(a) and brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Edgeworth filed a post-trial motion seeking judgment of acquittal and a new trial. The district court denied the motion.

On May 18, 2017, the court conducted a sentencing hearing. Edgeworth objected to the application of a two-level enhancement for taking a financial institution's property. He noted that he "simply raise[d] this objection to preserve his appellate record" given Seventh Circuit precedent. The district court sentenced Edgeworth to 108 months' imprisonment—24 months for the bank robbery conviction and 84 months for brandishing a firearm during a crime of violence, to run consecutively. Edgeworth timely appealed.

## II. Discussion

### A. Motion to Suppress

Edgeworth first argues the district court abused its discretion by denying his motion to suppress without conducting an evidentiary hearing. We disagree. We review a district court's denial of a motion to suppress under a "dual standard of review"; we review legal conclusions de novo but findings of fact for clear error. *United States v. Tepiew*, 859 F.3d 452, 456

(7th Cir. 2017). "A factual finding is clearly erroneous only if, after considering all the evidence, we cannot avoid or ignore a 'definite and firm conviction that a mistake has been made.'" *United States v. Jackson*, 598 F.3d 340, 344 (7th Cir. 2010) (quoting *United States v. Burnside*, 588 F.3d 511, 517 (7th Cir. 2009)). "We review the denial of an evidentiary hearing on a motion to suppress for abuse of discretion." *United States. v. Schreiber*, 866 F.3d 776, 782 (7th Cir. 2017) (quoting *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011)).

"It is well established that '[e]videntiary hearings are not required as a matter of course.'" *Id.* at 781 (alteration in original) (quoting *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007)). "District courts are required to conduct eviden-tiary hearings only when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion." *Curlin*, 638 F.3d at 564. To obtain an evidentiary hearing relating to suppression of evidence, the defendant "bears the burden of making a prima facie showing of illegality." *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). "Reliance on vague, conclusory allegations is insuf-ficient." *Id.* Instead, the "defendant must present 'definite, specific, detailed, and nonconjectural' facts that justify relief." *Id.* (quoting *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)).

Edgeworth's allegations are not definite, specific, detailed, and nonconjectural. Thus, the district court did not abuse its discretion in denying Edgeworth an evidentiary hearing and did not err in denying his motion to suppress. Edgeworth's claims lack any factual support or explanation. For instance, his alleged assault and coercion claims fail to include simple

information that would be readily available to the defend-ant—roughly how many officers were involved, what type of assault or physical coercion occurred, or at what point during custody the activities took place. Edgeworth's third claim, that the officers threatened a longer prison sentence if he did not cooperate, similarly includes no particulars; without more in-formation, we are left hypothesizing as to what the officers might have said. We thus agree with the district court that the "defendant has presented nothing whatsoever to support his motion to suppress."

## B. Juror Selection and Seating

Edgeworth next alleges that the juror selection process was inadequate. He argues the district court (1) did not suffi-ciently probe a juror's commitment to be back at school; and (2) erred by not excusing the juror mid-trial after she declared her unavailability. We address each in turn.

### 1. Adequacy of Voir Dire

Edgeworth argues that the district court "abused its dis-cretion by failing to probe [the college-bound juror] about why she needed and expected to be back at school on Thurs-day." Specifically, Edgeworth claims the judge should have followed up on the juror's statement that "Yes. I actually go back [to college] on Thursday." As a result of that "failure to follow up," Edgeworth contends the judge "did not provide [him] the ability to intelligently use his challenges."

"A judge has broad discretion in determining what ques-tions may be asked during the *voir dire*." *United States v. McAnderson*, 914 F.2d 934, 942 (7th Cir. 1990); *see also Gardner v. Barnett*, 199 F.3d 915, 920–21 (7th Cir. 1999) (en banc) ("The conduct of *voir dire* is left to the trial court's sound discretion

[and] [t]he litigants do not have a right to have a particular question asked.'" (citations omitted)). We will only reverse if "there has been a clear abuse of that discretion." *United States v. Betts-Gaston*, 860 F.3d 525, 531 (7th Cir. 2017) (quoting *United States v. Harris*, 542 F.2d 1283, 1295 (7th Cir. 1976)). Here, the government maintains we review only for plain error because Edgeworth failed to object to the judge's questioning during voir dire. *See United States v. Broadnax*, 536 F.3d 695, 699–700 (7th Cir. 2008); *United States v. Montenegro*, 231 F.3d 389, 393 (7th Cir. 2000).

Ultimately, as in *Broadnax*, "the standard of review does not matter, because we see no error, much less plain error, in the way the district court conducted *voir dire* here." 536 F.3d at 699. In other words, the district court did not abuse its discretion. The court simply had no reason to inquire further as to why the juror needed to return to school. Indeed, the district court had already concluded that a school commitment alone was not enough to meet the hardship requirement to be excused for cause. In considering the government's challenge to a different juror, it explained:

> There is not enough to support a challenge for cause. The mere fact that he's a student and this would inconvenience his educational plans is not enough. Virtually every person on the jury has other things and important things to do. And I … can't say just because one is a student that therefore, you know, it would support a challenge for cause, even if he more or less requested as he had.

In light of this, the judge's decision to not inquire further is reasonable. Moreover, the judge asked the juror other key

questions to ascertain that she would fairly try the case. Thus, the court did not err in failing to further probe the juror's reasoning for needing to be back at school.[1]

### 2. Failure to Excuse Juror

Edgeworth next argues the district court abused its discretion when it failed to excuse the juror after she declared her unavailability. The government argues Edgeworth waived this claim by explicitly agreeing that the juror "should stay" when asked by the district court whether it should excuse the juror. We agree with the government.

A defendant may waive a challenge to a district court's actions, thereby precluding appellate review, when he "affirmatively approves an instruction to the jury." *United States v. Smith*, 818 F.3d 299, 302 (7th Cir. 2016); *see also United States v. Ajayi*, 808 F.3d 1113, 1121 (7th Cir. 2015) ("Ordinarily, we treat an affirmatively stated 'no objection' to a jury instruction as a waiver."); *United States v. DiSantis*, 565 F.3d 354, 361 (7th Cir.

---

[1] As the judge further explained in rejecting the juror's request to be excused mid-trial:

> What this is is a minor inconvenience. She's talking about an orientation day the first day of class. And in terms of having her mother and father drive her so that she arrives the day before a Thursday is also a minor inconvenience and it pales by comparison to her duty to be here as a juror. There is, of course, public transportation to the University of Illinois. And also missing the first day of class, an orientation day, is no substantial hardship.

These comments indicate that the judge would not have excused her at voir dire even if he knew more details about her return to school. So, even if plain error were to apply, the district court's failure to follow up did not affect the defendant's substantial rights.

2009) ("The 'touchstone' of the waiver inquiry is 'whether and to what extent the defendant ha[s] actually approved of the jury instructions assigned as error on appeal.'" (alteration in original) (quoting *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996))).

Here, Edgeworth affirmatively approved that the juror "should stay." In doing so, he agreed with the district court's instruction to the juror that she had to "remain on this jury and be here on time tomorrow morning at 10:00 A.M." Thus, like the defendant in *Smith*, he accepted the district court's response to a juror's note. *See* 818 F.3d at 301. That approval "constitute[s] an intentional relinquishment of the defendant's right to object." *United States v. Kirklin*, 727 F.3d 711, 716 (7th Cir. 2013). As such, Edgeworth cannot now challenge that the district court impermissibly sat the juror.

### C. Two-Level Enhancement

Finally, Edgeworth argues that the district court's two-level enhancement for taking a financial institution's property under U.S.S.G. § 2B3.1(b)(1) was impermissible double-counting because the same conduct supported the robbery conviction and enhancement. Edgeworth acknowledges this claim is contrary to *United States v. Vizcarra*, where we held that "double counting is generally permissible unless the text of the guidelines expressly prohibits it." 668 F.3d 516, 519 (7th Cir. 2012). He requests we reconsider given the approach of other circuits. We decline to do so.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.