In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2923

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEVONTAY SAWYER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cr-00161-1 — **Jorge L. Alonso**, *Judge*.

ARGUED JUNE 12, 2019 — DECIDED JULY 9, 2019

Before WOOD, *Chief Judge*, and BARRETT and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Devontay Sawyer entered a conditional guilty plea to possessing a firearm as a felon, 18 U.S.C. § 922(g), preserving for this direct appeal his challenge to the denial of his motion to suppress evidence. Sawyer contests the search of his backpack, which he left inside a home that he had entered unlawfully. The police found guns inside the backpack. The district court denied the motion to suppress,

concluding that Sawyer, as a trespasser, had no legitimate expectation of privacy in the house and therefore none in the unattended backpack. We agree with the district court and affirm the judgment.

## I. Background

On July 26, 2016, Chicago police officers responded to a report of a residential burglary in progress. After they approached the home and looked for signs of a forced entry, someone named M.G. arrived, and told the officers that he and his wife owned the home. He explained that it was a rental property with no current tenants and that no one should be inside. M.G. then saw that one of the home's front windows was cracked open and, peering inside, he saw a figure in the house. He yelled through the window, demanding that any occupants leave the house. The officers banged on the front door and ordered all the occupants to come outside. Ultimately, Sawyer and three others came out and stood with the officers on the porch.

M.G. then asked the officers to "go inside and check my house." In the basement, officers found a backpack; they opened it immediately and discovered four guns inside. The searching officers used the radio to inform the officers outside, who placed Sawyer and the three others in custody. The officers who had searched the backpack brought it outside. Officer Jorie Wood, who had remained outside, then opened the backpack and found a cell phone. She gave *Miranda* warnings to the arrestees and asked them who owned the phone. Sawyer responded that it was his phone and his bag. Wood later asked Sawyer again if it was his bag, and that time, he said no.

After he was indicted, Sawyer moved to suppress the contents of the backpack and his statements about it. He argued that the officers lacked probable cause or consent to search it. The government responded that Sawyer had no "standing" to contest the search because he failed to provide evidence that he had a subjective expectation of privacy in the backpack, and that even if he had, Sawyer, as a trespasser, had no legitimate expectation of privacy that society is prepared to recognize. The government also argued that the officers obtained consent from the owner to search the home. The district court denied Sawyer's motion to suppress, concluding that Sawyer lacked "standing" to challenge the search because he was unlawfully present in the house and thus had no reasonable expectation of privacy there. The court further determined that the officers were entitled to search the backpack as part of their ongoing investigation of a burglary.

Sawyer then conditionally pleaded guilty to knowingly possessing a firearm as a felon, 18 U.S.C. § 922(g). He expressly retained the right to challenge the denial of his motion to suppress.

## II. Discussion

This court reviews the denial of the motion to suppress de novo. *See United States v. Edgeworth*, 889 F.3d 350, 353 (7th Cir. 2018). On appeal, Sawyer maintains that he had a legitimate expectation of privacy in the backpack because it was undisputed that he owned it and that he told the officers that it was his. He also contends that the district court characterized his privacy interest too broadly by focusing on his expectation of privacy in the home instead of in the closed backpack itself.

Analysis of a defendant's legitimate expectation of privacy requires us to determine first whether the defendant's rights were personally violated. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978). In *Rakas*, the Supreme Court held that this determination is not a separate matter of "standing," "distinct from the merits of a defendant's Fourth Amendment claim." *Id*. at 138–39. Instead, it should be addressed through the substantive Fourth Amendment question of whether the person challenging the search "had a legitimate expectation of privacy in the premises he was using" and thus could assert Fourth Amendment protections. *Id*. at 143; *United States v. Carlisle*, 614 F.3d 750, 756 (7th Cir. 2010). To determine whether someone has a legitimate expectation of privacy, courts must consider (1) whether that person, by his conduct, has exhibited an actual, subjective expectation of privacy and (2) whether his expectation of privacy is one that society is prepared to recognize as reasonable. *See Carlisle*, 614 F.3d at 756–57. Sawyer bears the burden of showing that he had a legitimate expectation of privacy in the backpack. *See id.* at 758.

Although the district court mischaracterized Sawyer's argument as an issue of "standing," it properly concluded, nonetheless, that Sawyer, as a trespasser, had no reasonable expectation of privacy in the backpack he brought in when he unlawfully entered the premises. The Fourth Amendment requires an examination of "the totality of the circumstances," *see United States v. Knights*, 534 U.S. 112, 118 (2001), which in this case includes the presence of the unattended backpack in a home Sawyer was trespassing. A privacy interest is not reasonable when one's presence in a place is "wrongful." *Rakas*, 439 U.S. at 143, n.12. (citation omitted). Here, the officers responded to a report of a residential break-in and learned from M.G. that the home should be empty and unoccupied. Sawyer

and three others then emerged from the home. M.G. requested a search of the home during which the officers discovered and searched the backpack. Sawyer does not assert that his—and therefore his backpack's—presence was lawful or offer any basis for his privacy interest in the home. Thus, like "[a] burglar plying his trade in a summer cabin during the off season," Sawyer lacked a legitimate expectation of privacy to contest the search within the home because any expectation he had was not one that society is prepared to recognize as reasonable. *Id.* (citation omitted); *United States v. Curlin*, 638 F.3d 562, 565 (7th Cir. 2011).

This determination aligns with the decisions of other circuits that have concluded that a trespasser's wrongful presence forestalls a Fourth Amendment challenge. *See United States v. Battle*, 637 F.3d 44, 49 (1st Cir. 2011) (defendant who overstayed his visit became a trespasser with no "legally sufficient interest in the apartment to mount a Fourth Amendment challenge"); *United States v. Struckman*, 603 F.3d 731, 747 (9th Cir. 2010) (trespassers cannot claim the protections of the Fourth Amendment); *United States v. Hunyady*, 409 F.3d 297, 303 (6th Cir. 2005) (trespasser who had tenuous connection with otherwise empty house had no legitimate expectation of privacy to contest its search). Because Sawyer has not shown a legitimate privacy interest in the home where the backpack was found, he also cannot contest the search of his effects that he left within the home. *See United States v. Mendoza*, 438 F.3d 792, 795 (7th Cir. 2006); *see also United States v. Gale*, 136 F.3d 192, 194–95 (D.C. Cir. 1998) (defendant wrongfully occupying apartment lacked legitimate expectation of privacy to contest search of box containing drugs in apartment); *United States v. Jackson*, 585 F.2d 653, 658 (4th Cir. 1978) (defendant who

placed bag in vacant, otherwise empty home had no legitimate reasonable expectation that his effects would remain undisturbed).

Moreover, the officers' search of the backpack did not violate the Fourth Amendment because M.G. consented to the search of his home, which included the backpack. An otherwise unreasonable search is permissible when a third party with common control over the searched premises consents, or when someone with apparent authority to consent does so. *United States v. Melgar*, 227 F.3d 1038, 1041 (7th Cir. 2000). A general consent to search the premises can include consent to search containers within it if those containers would reasonably hold the expressed object of the search. *Fla. v. Jimeno*, 500 U.S. 248, 251 (1991). Here, M.G. told the officers that he co-owned the house, that it was a rental property with no current tenants, and that no one—and therefore, no personal property—should be inside. When he saw a figure inside the house, he commanded that any occupants come outside and asked the officers to "go inside and check my house." He did not limit the scope of the search. It was objectively reasonable, then, for the officers to conclude that M.G.'s general consent to search the house included consent to search a container, such as the backpack, that could contain evidence relating to the break-in. *See Jimeno*, 500 U.S. at 251.

Because Sawyer had no legitimate expectation of privacy in the backpack, we affirm the district court's judgment.