**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2021
Decided July 27, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3080

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:18CR031-001 |
| DONYEA FOWLER, *Defendant-Appellant*. | Jon E. DeGuilio, *Chief Judge*. |

**O R D E R**

After a four-day trial, a jury found Donyea Fowler guilty of robbery, brandishing a firearm during a crime of violence, and possessing a firearm as a felon, and he received a total sentence of 516 months in prison. Fowler appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Fowler opposes counsel's motion. *See* CIR. R. 51(b). Because counsel's brief appears thorough and explains the nature of the case and the issues that an appeal of this kind might involve, we limit our review to the subjects that she discusses and the additional issues that Fowler has raised in his response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). We agree with counsel that

Fowler cannot raise a nonfrivolous argument challenging his conviction or sentence, and so we grant the motion to withdraw and dismiss this appeal.

On six nights between December 2017 and February 2018, a man wearing sweatpants, a hoodie sweatshirt, mismatched gloves, and a face mask robbed liquor stores and convenience stores in South Bend, Indiana. The man brandished a semi-automatic chrome handgun and stole cash, Newport cigarettes, Swisher cigarillos, lottery tickets, and liquor. During several of the robberies, he carried a blue satchel. Surveillance video captured each robbery. Police officers also obtained a video from the night of the first robbery, at a different store, showing a man wearing the same clothes as the robber (but without a face mask) cashing one of the stolen lottery tickets. Through tips from the public, officers identified the man as Donyea Fowler, and they obtained a warrant to track the location of his cell phone. Officers also knew that Fowler had an active arrest warrant for possession of cocaine. When officers located Fowler, he was getting into the backseat of a vehicle with two other people occupying the front seats. They stopped the car, arrested Fowler, and recovered Newports, Swishers, and a bottle of liquor from the backseat. The officers then impounded the car, which had been rented for the weekend by the driver, and obtained a search warrant. In the trunk, the officers found more Newports and Swishers, gloves, and a blue satchel with a semi-automatic chrome handgun inside.

The government charged Fowler with six counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, one count of possessing a firearm as a felon, *id.* § 922(g)(1), and one count of brandishing a firearm in relation to a crime of violence, *id.* § 924(c). A superseding indictment filed seven months later added five additional counts of brandishing a firearm in relation to a crime of violence. *Id.* After a four-day trial, a jury found Fowler guilty on all counts. The district court sentenced Fowler to 516 months in prison, consisting of 84 months for each of his § 924(c) convictions to run consecutively and 12 months for the robbery and felon-in-possession convictions.

## A. Motion to Suppress

Counsel initially considers whether Fowler could challenge the district court's denial of his motion to suppress evidence taken from the rental car after Fowler's arrest, but rightly concludes that this argument would be frivolous. When reviewing the denial of a motion to suppress, we consider the legal conclusions de novo and review factual findings for clear error. *United States v. Edgeworth*, 889 F.3d 350, 353 (7th Cir. 2018). Fowler has never disputed that he was a passenger in the rental car. Because

passengers generally have no possessory interest, he would need to "demonstrate that the stop itself was not justified and that the evidence obtained was derived from an illegal stop." *United States v. Wilbourn*, 799 F.3d 900, 908 (7th Cir. 2015). It would be frivolous to argue that the officers improperly stopped the car when they had a valid arrest warrant and a reasonable belief that Fowler was in the car based on both tracking the location of his cell phone and watching a man matching his description get into the car. *See United States v. Cortez*, 449 U.S. 411, 417 n.2 (1981).

Fowler asserts in his response that, after the officers seized the rental car, they illegally searched the blue satchel found in the trunk of the car, so the evidence recovered (mainly the handgun) should have been suppressed. But this argument would be doubly frivolous. When arresting Fowler, the officers found Newports, Swishers, and a bottle of liquor—the same items that were stolen— in plain view in the backseat of the rental car; this would have allowed them to search the entire car even without obtaining a warrant. *See Wyoming v. Houghton*, 526 U.S. 295, 307 (1999); *United States v. Zahursky*, 580 F.3d 515, 521–23 (7th Cir. 2009). But, here, the officers *did* obtain a warrant before searching the trunk, which allowed them to search any area of the car where items from the robbery might be discovered, including inside the blue satchel. *See Archer v. Chisholm*, 870 F.3d 603, 617 (7th Cir. 2017).

Fowler also asserts that the government violated his rights under the Fourth Amendment by obtaining a warrant to track his location from his cell phone. But Fowler did not raise this argument in his motion to suppress or at any other time in the district court, so he could not raise it for the first time on appeal. *See United States v. Eymann*, 962 F.3d 273, 286 (7th Cir. 2020) (explaining defendant cannot raise appellate argument about lawfulness of frisk not made in motion to suppress).

## B.  Vindictive Prosecution

Counsel next addresses whether Fowler could challenge the superseding indictment, but correctly determines that any argument would be frivolous. Fowler did not object until sentencing that the government (he argued) filed the superseding indictment to retaliate for the suppression motion he filed on the same day. But a challenge to an indictment must be made before trial, *see* FED. R. CRIM. P. 12(b)(3)(B), so the court rightly did not entertain this objection. Moreover, even if Fowler could contest the superseding indictment on appeal, he could not raise a non-frivolous challenge to it. Fowler has asserted nothing more than conclusory statements about the prosecutor's alleged motives. *See United States v. Falcon*, 347 F.3d 1000, 1004–05 (7th Cir. 2003) (choice

to add charges is "presumed valid," and defendant "must affirmatively show through objective evidence" that decision "was motivated by some form of prosecutorial animus") (quoting *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996)).

### C. Retention of Allegedly Biased Juror

Counsel next considers whether Fowler could challenge the district court's decision not to remove a juror during trial, and Fowler raises this potential issue as well. When the government was examining one of the cashiers held at gunpoint, the court received a note from a juror that stated: "This current witness looks very familiar to me. I don't know him personally, but I wonder if he works at a store I frequent." The court questioned the juror and learned that his relatives live near the store and that the juror had bought liquor from the witness several times. Fowler moved to excuse the juror, but the court denied the motion. We would review that decision for abuse of discretion and reverse only if Fowler could show prejudice. *See Griffin v. Bell*, 694 F.3d 817, 821 (7th Cir. 2012). Here, the court clarified that the relationship between the juror and cashier merely consisted of exchanging pleasantries, and it credited the juror's statements that these brief interactions would not affect his impartiality. *See United States v. Allen*, 605 F.3d 461, 464–65 (7th Cir. 2010) (explaining that we afford great deference to the district court's assessment of a juror's credibility). Counsel correctly concludes that it would be frivolous to challenge the court's credibility assessment of this juror or its exercise of discretion to retain him.

### D. Sufficiency of the Evidence

Counsel also considers arguing that the district court improperly denied Fowler's motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Before presenting his defense, Fowler argued that the government's evidence was insufficient to prove: first, that the robberies had an effect on interstate commerce, *see* 18 U.S.C. § 1951(a), (b)(3); second, that two of the robberies involved a threat of force or violence, or a victim's fear of injury, as required by § 1951(b)(1); and third, that the gun used in the robberies was a genuine firearm, for purposes of the charges under § 924(c).

Counsel correctly concludes that it would be frivolous to argue that the court erred by denying the motion for a judgment of acquittal. On appeal, we would ask "whether evidence exists from which any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010). Here, the government provided evidence that each stolen product had been bought in one state and sold to a resident of another, thus

establishing the interstate-commerce element of the crime. *See United States v. Bailey*, 227 F.3d 792, 798 (7th Cir. 2000). Further, the government introduced video surveillance footage of the robber pointing a gun at the cashiers, testimony from those cashiers, and evidence that officers recovered from the rental car a real handgun that matched the gun in the videos. Thus, as counsel concludes, it would also be frivolous to argue that the government failed to prove that the robberies involved a threat of force or violence or a victim's fear of injury; or that a genuine firearm was used in the robberies.

### E. *Rehaif* Error

Next, counsel considers whether Fowler could challenge his conviction for possessing a firearm as a felon because the indictment did not allege, nor did the jury instructions require a finding, that, at the time of the robberies, he knew that he was a felon. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). (The Supreme Court decided *Rehaif* eight days after the court instructed the jury.) But, as counsel concludes, a *Rehaif* challenge would be pointless. Because Fowler did not object to these omissions, we would review for plain error. *See United States v. Maez*, 960 F.3d 949, 964 (7th Cir. 2020). The omission from the jury instructions of the element that Fowler knew of his status is a plain error, but on appeal Fowler would have the burden of showing that there is a "reasonable probability" that he would have been acquitted if not for that omission. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). Not only did Fowler stipulate that he was a felon, *see Old Chief v. United States*, 519 U.S. 172, 186 (1997), but when he was charged in this case, he had been convicted of at least four prior felonies and had served multiple sentences exceeding a year in prison, including an eight-year sentence for burglary. *See Greer*, 141 S. Ct. at 2096. Further, in his response, Fowler refers to a *Rehaif* error but does not suggest that he was ignorant of his status as a felon, which solidifies that this argument would be futile.

### F. Sentence

Counsel also properly concludes that Fowler could not make any non-frivolous challenge to his sentence. The court determined that Fowler had a total offense level of 27 and a criminal history category of V, which resulted in a total guidelines range of 120 to 150 months' imprisonment for the six counts of robbery and one count of possessing a firearm as a felon. The court imposed a below-guidelines sentence of 12 months on these counts. *See Dean v. United States*, 137 S. Ct. 1170, 1177 (2017). As for the § 924(c) convictions, the court imposed six consecutive seven-year sentences, totaling 504 months. This resulted in a total sentence of 516 months in prison. As counsel points

out, the court correctly determined that, under the statute, Fowler had to receive consecutive sentences for each conviction under § 924(c). *See* 18 U.S.C. § 924(c)(1)(D)(ii); *Abbott v. United States*, 562 U.S. 8, 13 (2010). So it would be frivolous to argue that the court could have sentenced Fowler to anything less than 504 months in prison on these counts. *See* 18 U.S.C. § 924(c)(1)(A)(ii); U.S.S.G. § 5G1.2(e).

Counsel also correctly determines it would be pointless for Fowler to contest the sentence of 12 months' imprisonment on the remaining counts. We would first review this sentence de novo for procedural error and then for substantive reasonableness, applying an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Morris*, 775 F.3d 882, 885 (7th Cir. 2015).

Counsel rightly determines that the court calculated the correct guidelines range and addressed the factors under 18 U.S.C. § 3553(a), so it would be pointless to advance a procedural error. The two-level enhancement for obstruction of justice and the assessment of a criminal history point for a past marijuana-possession conviction, both of which Fowler objected to at his sentencing hearing, were warranted. The record supports the court's ruling that Fowler obstructed justice and committed perjury by instructing his cousin to fabricate an alibi, and then Fowler falsely testified about this alibi at trial. *See* U.S.S.G. § 3C1.1; *United States v. DeLeon*, 603 F.3d 397, 403 (7th Cir. 2010). And counsel properly concludes it would be frivolous to challenge the court's assessment of one criminal history point for Fowler's conviction for possession of marijuana, because receiving a sentence of any kind, not just jail time, allows for a point. *See* U.S.S.G. § 4A1.1(c). Moreover, the court explained, it would have imposed the same sentence regardless of the guidelines calculation, so even if any error had occurred in calculating the range, it would be harmless. *Morris*, 775 F.3d at 885.

It would also be frivolous to argue that the court substantively erred in determining Fowler's sentence on the remaining counts, when the court exercised its discretion to consider the total sentence required by § 924(c), *see Dean*, 137 S. Ct. at 1170, and imposed a substantially below-guidelines sentence of 12 months. *See United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015) (explaining below-guidelines sentences are presumptively reasonable).

Fowler also asserts that his robbery convictions should not be considered crimes of violence under 18 U.S.C. § 924(c)(1)(A)(ii). But because it is well settled in our circuit that robbery under the Hobbs Act categorically qualifies as a crime of violence within

the meaning of § 924(c)(3)(A), *see United States v. Fisher*, 943 F.3d 809, 815 (7th Cir. 2019), this argument would fail on appeal as well.

### G. Ineffective Assistance

Finally, counsel considers whether Fowler could argue that he received ineffective assistance from his trial attorney. But, as counsel points out, the proper avenue for raising this claim would be a § 2255 motion, not a direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.