NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021
Decided November 2, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1246

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20CR00184-001 |
| ERIC MIDDLEBROOK, *Defendant-Appellant*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Eric Middlebrook pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). He further pleaded guilty to doing so on premises where children were present, subjecting him to an additional consecutive sentence of up to five years under 21 U.S.C. § 860a. The district court imposed a below-guidelines sentence of 240 months' imprisonment. Middlebrook appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Because counsel's brief appears thorough and addresses potential issues that an appeal of this kind would be

expected to involve, we limit our review to the subjects she discusses as well as those raised by Middlebrook in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). We agree with counsel that there are no nonfrivolous issues on appeal and grant the motion.

Middlebrook pleaded guilty without a plea agreement. He agreed to the government's factual basis for the charges, conceding that federal agents discovered firearms and about 3.7 kilograms of methamphetamine in his home and in a storage unit he rented. His three children lived in the same home. A probation officer calculated a range of 262 to 327 months' imprisonment under the Sentencing Guidelines, based on: the drug quantity; a reduction for acceptance of responsibility; and enhancements for possession of firearms, maintaining a drug premises, and possession with intent to distribute methamphetamine on premises where children reside. After neither side objected, the district judge adopted the guidelines calculation.

Middlebrook requested a sentence of 180 months' imprisonment, which he argued would be sufficient to rehabilitate him. The judge agreed with Middlebrook that a downward variance from the guidelines was appropriate because of Middlebrook's family ties, genuine remorse and acceptance of responsibility, and information in the presentence report about his unstable childhood. But a sentence longer than 180 months' imprisonment was necessary, the judge continued, because of the harm he caused the community and the danger to which his drug operation exposed his children. The judge ultimately sentenced him to 240 months' imprisonment (180 under § 841(b)(1)(A), plus 60 under § 860a), which she believed was necessary to reflect the seriousness of the offense and deter future offenses.

On appeal, counsel represents that she advised Middlebrook on the risks and benefits of challenging his plea and confirmed that he does not wish to withdraw his guilty plea. Middlebrook himself likewise raises in his response arguments related only to his sentence. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or the voluntariness of Middlebrook's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Middlebrook could attack the calculation of his guidelines range but rightly concludes that any challenge would be frivolous. Middlebrook did not object to the calculations at sentencing, so our review would be for plain error. *United States v. Thomas*, 897 F.3d 807, 816 (7th Cir. 2018). We would find none here. Based on Middlebrook's admission that he possessed about 3.7 kilograms of methamphetamine, the judge properly assessed a base offense level of 36, which applies

to any amount between 1.5 and 4.5 kilograms. U.S.S.G. § 2D1.1(c)(2). And each enhancement that the judge applied (for firearms, *id.* § 2D1.1(b)(1), maintaining a drug premises, *id.* § 2D1.1(b)(12), and having children present, *id.* § 2D1.1(b)(14)(B)) was based on facts that Middlebrook conceded as part of his guilty plea. The judge also properly awarded, upon the government's motion, a full three-level reduction for Middlebrook's acceptance of responsibility. U.S.S.G. § 3E1.1.

Middlebrook counters with two challenges that he says his lawyer overlooked, but both are frivolous. First, he argues that the judge impermissibly punished him twice for the same conduct—when calculating a base-offense level that included his conviction under § 860a, and when applying an enhancement under § 2D1.1(b)(14)(B) for possessing with intent to distribute methamphetamine on premises where a minor resides. But this type of "double counting" is "generally permissible unless the text of the guidelines expressly prohibits it." *United States v. Edgeworth*, 889 F.3d 350, 356 (7th Cir. 2018) (quoting *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012)). And rather than prohibit double counting, the guidelines make this enhancement mandatory for all defendants convicted under § 860a. U.S.S.G. § 2D1.1(b)(14)(B). Second, Middlebrook argues that the judge inflated the drug quantity by including the weight of legal vitamins that he planned to use to dilute the methamphetamine. But he waived any challenge to the drug quantity when he stipulated to the same amount as part of the presentence report and as part of the government's factual basis for his guilty plea. *See United States v. Robinson*, 964 F.3d 632, 640 (7th Cir. 2020); *United States v. Paulette*, 858 F.3d 1055, 1060 (7th Cir. 2017).

Counsel next considers and rightly rejects a potential challenge to the substantive reasonableness of Middlebrook's sentence. A below-guidelines sentence, like Middlebrook's, is presumed reasonable on appeal against any attack that it is too high. *United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019). Here, the judge acknowledged Middlebrook's genuine remorse, difficult childhood, and close family ties, but she found those factors outweighed by the seriousness of the offense (distributing "large quantities of these highly addictive and destructive drugs. . . [that] ravage communities, breed violence, and destroy families"), the need for deterrence, and the danger to which Middlebrook exposed his children. *See* 18 U.S.C. § 3553(a). We agree with counsel that it would be frivolous to argue that the judge needed to impose a sentence even lower than Middlebrook's already below-guidelines sentence.

We GRANT counsel's motion to withdraw and DISMISS the appeal.