In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-2493

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FOREST E. NORVILLE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 19-cr-40038-001 — **Sara Darrow**, *Chief Judge.*

_____

ARGUED JUNE 2, 2022 — DECIDED AUGUST 4, 2022

_____

Before EASTERBROOK, ST. EVE, and JACKSON-AKIWUMI, *Circuit Judges.*

JACKSON-AKIWUMI, *Circuit Judge.* The sole issue in this appeal is whether the district court erred by failing to hold an evidentiary hearing before denying Forest Norville's motion to suppress. Police arrested Norville for a traffic violation. During a search incident to the arrest, they discovered methamphetamine and other drugs. Norville sought to suppress the drugs because he believed that police lacked probable

cause for the arrest, and he requested an evidentiary hearing to present evidence regarding his purported compliance with traffic regulations. But an officer's dashboard camera recorded Norville failing to stop for a stop sign, an act that Norville concedes would create probable cause for his arrest. Because the district court reasonably concluded that the video rendered an evidentiary hearing unnecessary, we affirm.

Norville was riding a motorized bicycle around 1:00 a.m. in Galesburg, a college town in rural Illinois. A police officer recognized him from previous interactions. Knowing that Norville's driving license had been revoked, the officer stopped Norville and arrested him under the theory that Norville's bicycle was a motor vehicle that required a license. *See* 625 ILCS 5/6-303(a). During the arrest, police searched Norville and found various prescription pills, a digital scale, and about 120 grams of methamphetamine.

Norville was charged in federal court with possession with intent to distribute at least 50 grams of methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(A). Norville moved to suppress the drugs, arguing that police had lacked probable cause to arrest him. His motion focused on whether his bicycle met Illinois's definition for "motor vehicle," an issue he argued required an evidentiary hearing. The government responded that regardless of whether the bicycle was a motor vehicle under Illinois law, Norville committed other traffic violations that justified the arrest. One violation was captured on video: Norville ran a stop sign shortly before police pulled him over.

The parties stipulated to the video's admissibility, and Norville initially conceded that the video showed him rolling past the stop sign. But he later walked back this concession,

arguing that the video showed him stop briefly. He also argued that because the intersection did not have "stop lines" painted on the road, an evidentiary hearing was necessary to determine where in the intersection he had to stop. Finally, Norville insisted that the government needed to establish probable cause for the specific offense that the arresting officer had subjectively relied on—that is, driving a motor vehicle on a revoked license.

The court denied the motion to suppress. It found, based on the video, that Norville "rolled completely through and … never came to a complete stop at any point." The court further concluded that because the Fourth Amendment requires an objective inquiry, it did not matter what offense the arresting officer cited at the time of arrest. *See Ramos v. City of Chicago*, 716 F.3d 1013, 1018 (7th Cir. 2013) (collecting cases) ("[W]e have repeatedly held that the offense for which probable cause exists need not be the subjective offense for which the officer was conducting the arrest."). Norville proceeded to trial, and a jury found him guilty. The court sentenced him to 20 years' confinement and 5 years' supervised release.

On appeal, Norville does not challenge his sentence or any ruling other than the denial of his motion to suppress. And he concedes that if he ran the stop sign, then police had probable cause to arrest and search him. But he argues that because the intersection lacked stop lines, he was required to stop only "at the point nearest the intersection roadway where the driver has a view of approaching traffic." 625 ILCS 5/11-1204(b). An evidentiary hearing was thus required, Norville argues, to determine where in the intersection he was required to stop and whether he "truly" ran the stop sign.

Norville's argument overlooks the district court's finding that—according to the video—Norville "never came to a stop." If Norville did not stop at all, we see no reason why an evidentiary hearing would be necessary to determine where at the intersection he was supposed to stop based on his view of approaching traffic. District courts have discretion to forgo an evidentiary hearing on a motion to suppress if there are no disputed issues of material fact that will affect the outcome of the motion. *United States v. Edgeworth*, 889 F.3d 350, 353 (7th Cir. 2018) (citing *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011)). And a video record of the events at issue can evaporate any factual dispute that would otherwise exist, as courts view the "facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (discussing use of video evidence at summary judgment).

Having reviewed the video ourselves, we agree with the district court that Norville did not stop at the intersection. He significantly slowed down and came *close* to stopping. But he did not fully stop. Norville maintains that the video is ambiguous, but at the very least it establishes that the arresting officer had probable cause to believe that Norville rolled past the stop sign, which is what the government needed to establish. *See United States v. Johnson*, 874 F.3d 571, 573 (7th Cir. 2017) (en banc). Because Norville concedes that a rolling stop would independently support his arrest, our analysis ends here. The district court did not abuse its discretion by denying an evidentiary hearing.

                                                        AFFIRMED