In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-3156
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

LEVAUGHN COLLINS,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 15-cr-379-1 — Gary Feinerman, Judge.
 ____________________

 ARGUED SEPTEMBER 15, 2022 — DECIDED FEBRUARY 1, 2023
 ____________________

 Before SYKES, Chief Judge, and RIPPLE and KIRSCH, Circuit
Judges.
 KIRSCH, Circuit Judge. Levaughn Collins supplied whole-
sale quantities of heroin to a drug trafficking organization on
the west side of Chicago. He pleaded guilty to multiple crimes
but reserved his right to appeal the denial of two motions to
suppress wiretap evidence. Both motions concerned the gov-
ernment’s failure to properly seal certain recordings. The dis-
trict court denied the first motion because the government
2 No. 21-3156

agreed not to use any improperly sealed recordings at trial,
no subsequent evidence relied on such recordings, and the
government provided a satisfactory explanation for its error.
The court denied the second motion—which involved the fail-
ure to properly seal recordings from another phone—because
the government agreed to suppress all recordings from that
phone, only one subsequent wiretap application relied on the
unsealed recordings and that application was submitted and
approved by the court before the government’s sealing obli-
gation had kicked in, and the government adequately ex-
plained its sealing mistake. Finding no error in either ruling,
we affirm.
 I
 A
 In August 2014, the Drug Enforcement Agency and the
Chicago Police Department began investigating a drug traf-
ficking organization on the west side of Chicago. The investi-
gation uncovered a significant heroin distribution network di-
rected by James Triplett. Levaughn Collins was a key player
in the operation: he supplied Triplett with bulk quantities of
heroin to sell on the street. At multiple stash houses in Chi-
cago, Collins and several associates (including his brother)
cut, mixed, and repackaged the drugs into small plastic bag-
gies for Triplett to sell to individual users.
 Between October 2014 and June 2015, investigators ob-
tained court-authorized wiretaps on twelve diﬀerent phones
connected to the traﬃcking operation. See 18 U.S.C. § 2510 et
seq. Most relevant for our purposes are Target Phone 5 (used
by Collins’s brother), Target Phone 6 (used by Triplett), and
Target Phones 8, 9, and 12 (used by Collins).
No. 21-3156 3

 In December 2014, the government received authorization
to begin monitoring communications from Phones 5 and 6
until midnight on January 13, 2015. The day after the intercept
period ended, personnel from the Chicago Police Depart-
ment—which had provided the physical facilities for the
wiretaps on Phones 5 and 6—copied files from its hard drive
onto an optical disc. The government sealed two discs later
that day, believing that one disc had sealed Phone 5 record-
ings and the other had sealed recordings from Phone 6. But
the government had made a mistake: instead of copying the
intercepts from each phone onto separate discs, the govern-
ment copied the Phone 6 recordings onto both discs and failed
to seal the recordings from Phone 5.
 On January 16, about three days after the intercept order
for Phones 5 and 6 lapsed, the government received authori-
zation for a wiretap on Phone 8. The probable cause aﬃdavit
supporting the wiretap application for Phone 8 relied on the
unsealed recordings from Phone 5.
 Soon thereafter, the government received authorization
for a wiretap on Phone 9. The aﬃdavit supporting the gov-
ernment’s application for Phone 9 did not rely on any of the
unsealed communications from Phone 5, nor did it rely on
communications from Phone 8. The initial interception period
for Phone 9 ended on February 26. On February 27, the court
issued an order authorizing a second interception period for
Phone 9 from March 2 through March 29. The government
terminated interceptions under the February 27 Order early,
however, because it received a new authorization order to
continue monitoring Phones 8 and 9 from March 20 to April
20. This led to another sealing error: the technician creating
the disc for sealing on April 20 believed that the Phone 9
4 No. 21-3156

recordings had already been sealed through March 29 (the
end of the period authorized by the February 27 Order). In
fact, the recordings had been sealed only through March 20,
so the Phone 9 recordings from March 21 to March 29 were
not properly sealed. The government continued to intercept
Phone 9 communications into May 2015.
 The court also authorized a wiretap on a third phone used
by Collins, Phone 12. The wiretap application for that phone
did not rely on intercepts of any other target phone.
 In June 2015, based on evidence from the wiretap investi-
gation, the government charged Collins with several drug
traﬃcking crimes. Agents searched Collins’s stash house and
recovered heroin, cutting agents, packaging materials, and
ten firearms. A grand jury indicted Collins for conspiracy to
distribute and possess with intent to distribute a kilogram or
more of heroin; distributing 100 grams or more of heroin; pos-
sessing with intent to distribute more than 100 grams of her-
oin and cocaine; possession of a firearm in furtherance of a
drug traﬃcking crime; and money laundering. See 21 U.S.C.
§§ 841(a)(1), 846; 18 U.S.C. §§ 2, 924(c)(1)(A), 1956(a)(1)(A)(i).
 B
 In May 2016, the government disclosed its failure to seal
Phone 9 from March 21 to March 29, 2015. It also disclosed a
separate 18-day period when the government failed to seal re-
cordings for another phone, Phone 11 (used by an unindicted
individual). To protect the reliability and integrity of record-
ings, the wiretap statute requires that “[i]mmediately upon
the expiration of the period of the [interception] order … such
recordings shall be made available to the judge issuing such
order and sealed under his directions.” 18 U.S.C. § 2518(8)(a);
No. 21-3156 5

United States v. Ojeda Rios, 495 U.S. 257, 263 (1990). Such a seal,
“or a satisfactory explanation for the absence thereof, shall be
a prerequisite for the use or disclosure of the contents of any
wire, oral, or electronic communication or evidence derived
therefrom.” 18 U.S.C. § 2518(8)(a).
 Collins thus moved to suppress recordings from both pe-
riods, as well as “all subsequent recordings which relied on
the improperly sealed disks in order to obtain additional au-
thorizations.” In response, the government committed not to
use at trial any Phone 9 recordings from the nine-day un-
sealed period nor any Phone 11 recordings, but it opposed the
suppression of other recordings.
 The district court denied the motion in full. With respect
to Phones 9 and 11, the court denied the motion as moot be-
cause the government had agreed not to use the recordings.
The judge also found that no later wiretap applications relied
on unsealed recordings from either Phone 9 or Phone 11, so
there was no basis to exclude any subsequent recordings. The
court further found that suppression was not warranted be-
cause the government had provided a satisfactory explana-
tion for the sealing errors. Finally, the court concluded that an
evidentiary hearing was unnecessary because there were no
disputes of material fact to resolve.
 C
 The government discovered and disclosed the Phone 5
sealing error in October 2018. Collins then filed his second
motion to suppress, seeking to exclude recordings from the
unsealed Phone 5 as well as recordings from Phones 8, 9, and
12, on the theory that the wiretap authorizations for the latter
three phones were all derived from the unsealed Phone 5
6 No. 21-3156

recordings. The government agreed not to use any recordings
from Phone 5 at trial, but it opposed the suppression of re-
cordings from Phones 8, 9, and 12.
 The district court denied this motion too. As to Phone 5,
the court denied the motion as moot based on the govern-
ment’s commitment not to use the recordings. The court also
denied the motion as to Phone 8 on two independent
grounds. First, the court concluded that the government had
not yet failed to immediately seal Phone 5 when it applied for
the Phone 8 wiretap only three days after the intercept period
for Phone 5 had expired. Second, the district court found that
the government’s explanation—that its failure to seal resulted
from a mechanical error—was satisfactory and not something
that raised a reasonable suspicion of tampering. Finally, the
court denied the motion with respect to Phones 9 and 12 be-
cause the wiretap applications for those phones did not rely
on any recordings from Phones 5 or 8.
 Following the denial of the second motion, Collins
pleaded guilty to the conspiracy, firearm, and money laun-
dering oﬀenses. In his plea agreement, Collins reserved the
right to appeal the district court’s rulings on his motions to
suppress.
 II
 When reviewing the denial of a motion to suppress wire-
tap evidence, we review the district court’s factual findings
for clear error and its conclusions of law de novo. United States
v. Elizondo, 21 F.4th 453, 463 (7th Cir. 2021). We review the
district court’s finding that the government provided a satis-
factory explanation for failing to immediately seal wiretap re-
cordings for clear error. United States v. Martin, 618 F.3d 705,
No. 21-3156 7

716–17 (7th Cir. 2010). We review the denial of an evidentiary
hearing on a motion to suppress for abuse of discretion.
United States v. Edgeworth, 889 F.3d 350, 353 (7th Cir. 2018).
 A
 The district court correctly denied Collins’s first motion to
suppress. The government agreed not to use any unsealed re-
cordings from Phones 9 and 11, and the court found that no
subsequent evidence was derived from unsealed recordings
on either phone. That finding was grounded in the record—
specifically, the aﬃdavits supporting later authorizations—
and not erroneous. And because Collins did not dispute these
or any other material facts, the court did not abuse its discre-
tion in denying an evidentiary hearing. See United States v.
Norville, 43 F.4th 680, 682 (7th Cir. 2022) (“District courts have
discretion to forgo an evidentiary hearing on a motion to sup-
press if there are no disputed issues of material fact that will
aﬀect the outcome of the motion.”). We need not address the
judge’s alternative finding that the government provided a
satisfactory explanation for the Phone 9 and Phone 11 sealing
errors. It is suﬃcient to hold that the judge did not clearly err
in finding that those errors did not produce any potential trial
evidence.
 B
 On the second motion to suppress, we can quickly dis-
pense with Collins’s arguments regarding Phones 5, 9, and 12.
The district court’s denial of the motion with respect to these
phones was proper; the government agreed not to use any ev-
idence derived from Phone 5 at trial, and the wiretap applica-
tions for Phones 9 and 12 did not rely on Phone 5 or Phone 8.
As the district court acknowledged, however, Phone 8 was
8 No. 21-3156

derivative evidence because the affidavits supporting its
wiretap application relied on unsealed Phone 5 recordings.
Collins challenges the district court’s determination that the
government had not breached the immediate sealing require-
ment for Phone 5 when it applied for the Phone 8 wiretap. He
also contends that the court clearly erred in alternatively find-
ing that the government provided a satisfactory explanation
for its Phone 5 sealing error. We need not address the imme-
diacy requirement under the statute because we conclude that
the district court did not clearly err in finding the govern-
ment’s explanation satisfactory. See Martin, 618 F.3d at 715
n.14 (resolution of immediacy issue unnecessary when gov-
ernment has provided a satisfactory explanation for its seal-
ing error).
 We review the district court’s finding regarding the gov-
ernment’s explanation for clear error because the “application
of a broad standard such as … satisfactoriness, to the specific
facts of a case is usually and we think rightly treated for pur-
poses of appellate review as a factual rather than a legal de-
termination.” United States v. Coney, 407 F.3d 871, 874 (7th Cir.
2005). We will find clear error only when we are “left with the
definite and firm conviction that a mistake has been made.”
See United States v. Harmelech, 927 F.3d 990, 996 (7th Cir. 2019).
But even under this deferential standard of review, mere
proof of non-tampering will not suffice; instead, the govern-
ment must “explain not only why a [sealing error] occurred
but also why it is excusable.” Ojeda Rios, 495 U.S. at 265. We
assess the government’s explanation through the lens of the
statutory objective: “A satisfactory explanation must dispel
any reasonable suspicion of tampering, and also must be both
accurate and believable.” Martin, 618 F.3d at 716; see also Co-
ney, 407 F.3d at 875.
No. 21-3156 9

 In United States v. Martin, we held that the government
provided a satisfactory explanation when “[t]he record estab-
lishe[d] that operator error most likely caused” the failure to
properly seal certain wiretap recordings. 618 F.3d at 717.
There, after a months-long wiretap investigation into a drug
trafficking network, the government discovered that it inad-
vertently failed to include portions of some recordings it had
attempted to seal months earlier. Id. at 709–10. The govern-
ment used the improperly sealed recordings to secure subse-
quent wiretaps, and the defendant moved to suppress such
recordings as improper derivative evidence. Id. at 717. We
found that the sealing error “had more to do with the mechan-
ics of the recording process than with the Government’s es-
tablished sealing procedures[,]” and that the government
“acted consistent with its sealing obligations and attempted
in good faith to rectify its sealing error once it was discov-
ered.” Id. Accordingly, the sealing error “did not interfere
with the statutory objectives of ensuring judicial oversight
and non-tampering with wiretap recordings.” Id. The govern-
ment’s explanation, we said, was further supported by the un-
exceptional nature of the charges, the lack of notoriety of the
defendants, and the lack of any evidence of bad faith or tacti-
cal advantage gained by the government. Id. at 718. The gov-
ernment’s voluntary suppression of the unsealed recordings
also indicated that they were not central to the case, which
further supported the government’s explanation. Id.
 We reach the same conclusion here. The district judge
thoughtfully applied our reasoning in Martin and concluded
that the mistake of sealing Phone 6 on two discs (instead of
sealing one Phone 6 disc and one Phone 5 disc) was more of a
mechanical error than a problem with the government’s es-
tablished sealing procedures. The judge also found no
10 No. 21-3156

evidence that the government’s error resulted in a tactical ad-
vantage or that the government had acted in bad faith. The
short delay—three days—between the sealing error and the
use of Phone 5 recordings in the Phone 8 wiretap application
also weighed against suppression. And as in Martin, the gov-
ernment’s voluntary suppression of the unsealed recordings
further supports its explanation. We see no clear error in the
judge’s finding that the government provided a satisfactory
explanation for its sealing error.
 Collins contends that the district court erred when it ac-
cepted the government’s explanation without requiring sub-
mission of sworn affidavits or holding an evidentiary hearing.
While the safest course would have been to require sworn af-
fidavits or testimony to support the government’s explana-
tion, Collins did not raise this argument before the district
court. He did not request an evidentiary hearing in his second
motion to suppress. Nor did he raise any disputes of material
fact regarding the government’s explanation. Collins did not
dispute, for example, that the government’s sealing error
stemmed from its inadvertent double sealing of Phone 6.
Nothing in the record suggests that the district court’s factual
findings regarding the government’s explanation were mis-
taken.
 III
 We aﬃrm the district court’s rulings on both motions to
suppress wiretap evidence.
 AFFIRMED